GOSSENS, Appellant, vs. THE MATTOON MANUFACTURING COMPANY, Respondent.

*October 2 — October 20, 1899.*

*Master and servant: Personal injuries: Contributory negligence.*

Plaintiff, an unskilled laborer about a planing mill, was injured while temporarily assisting in the operation of a planer by direction of the foreman. His testimony showed, among other things, that he knew the purpose of the planer and could have seen the uncovered

knives in it if he had looked; that he put his hand on the machine
without looking, in order to increase his strength while attempting
to turn a wheel for the purpose of releasing a board which had
stuck; and that his hand came in contact with the knives. *Held,*
that he was guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Shawano
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Wigman & Martin,*
and oral argument by *J. H. M. Wigman.*

For the respondent the cause was submitted on the brief
of *Francis Williams.*

CASSODAY, C. J.    This action was commenced June 1, 1895,
to recover damages for personal injuries sustained by the
plaintiff December 22, 1891, while in the employ of the de-
fendant.    At the close of the testimony the court granted a
nonsuit, and from the judgment entered thereon the plaint-
iff brings this appeal.

On the trial the plaintiff testified, through an interpre-
ter, to the effect that he was a Hollander, and came to the
United States July 4, 1889, and when he was forty-two years
of age; that he commenced working for the defendant a few
days thereafter,— drove horses, was chore boy around the
barn and boarding house, and piling lumber; that on the
day of the accident he was unloading boards from a wagon,
and placing them in the defendant's planing mill; that up to
that time he had never worked on a planer, or any other
machine, but had unloaded boards from the front of the
machine; that, without giving him any instruction or warn-
ing, the defendant's foreman, on the morning of the accident,
directed him to go behind the planer and load on some of
the boards that had been through the planer; that he did
not go at first, but when the foreman insisted upon his do-
ing so he did so; that he took the boards out of the planer,
and loaded them onto the wagon; that after continuing

Gossens vs. The Mattoon Mfg. Co.

that work about ten minutes one of the boards got stuck, and the foreman told him to try and turn the wheel back, so that he, the foreman, could take the board out; that he tried to move the wheel both ways, but could not; that the foreman then told him that he must; that he then took his other hand, and got it somewhere on the planer, and it came in contact with the unguarded edge of the knives on the top of the planer, and so injured his fingers that three of them had to be amputated; that he did not know there were knives where he so put his hand; that before that he had shoved boards to the planer, but had not worked on the planer; that he did not look to see if he could observe the knives; that he did not think of them; that he put his fingers right on the knives when he was trying to steady himself; that he believed he could have seen the knives if he had looked that way; that he knew the planer was there to cut something off,— that he knew a board was cut when it ran through the planer; that he did not look around for knives; that there was a light there; that he did not say whether he could have seen the knives if he had looked; that he laid his hand on the top of the machinery just to be stronger, but did not see the knives; that he took hold of what he could to get stronger, and did not look to see what it was; that he did believe he could have seen the knives if he had looked at the machinery, but that he did not look at the place where he was going to put his hand before doing so.

Assuming that the foreman was at fault for putting the plaintiff at the particular work mentioned without instruction or caution, and that he was without experience, still we are clearly of the opinion that the plaintiff was guilty of contributory negligence in putting his hand where he did without looking. This case is ruled by cases in this court too numerous to mention. We cite only a few of the more recent. *Hazen v. West Superior L. Co.* 91 Wis. 208; *Schultz*

*v. C. C. Thompson L. Co.* 91 Wis. 626; *Roth v. S. E. Barrett Mfg. Co.* 96 Wis. 615; *Schiefelbein v. Badger P. Co.* 101 Wis. 402; *Foss v. Bigelow,* 102 Wis. 413; *Kerrigan v. C., M. & St. P. R. Co., ante,* p. 166.

*By the Court.*— The judgment of the circuit court is affirmed.