Woodman, Respondent, vs. Goodrich, Appellant.

*April 9—May 7, 1940.*

The cause was submitted for the appellant on the briefs of *W. G. Haddow* of Ellsworth, and for the respondent on the brief of *L. S. Doolittle* of River Falls.

FRITZ, J.  The defendant contends that because facts are alleged in the complaint which are sufficient to constitute a cause of action in favor of the plaintiff for the recovery of damages which she sustained by reason of the alienation of her husband's affections in the summer of 1936 by the defendant, and the fact that this action was not commenced until November 9, 1938, the plaintiff's right to maintain any action to recover damages by reason of defendant's wrongful conduct became barred by the one-year limitation in sec. 330.22 (2), Stats., for the commencement of "actions for damages for seduction or alienation of affections." On the other hand, plaintiff contends that the court rightly overruled defendant's demurrer because the allegations in the complaint that during the summer of 1936 and while plaintiff was living with her husband, Arthur E. Woodman, the defendant induced him to have carnal intercourse with her are also sufficient to constitute a cause of action for criminal conversation, and the right to recover her damages on that cause of action has not become barred because there is applicable thereto the six-year period of limitation prescribed by sec. 330.19 (5), Stats.  Plaintiff's contentions must be sustained and warranted the order under review.

As there is no other period of limitation for the commencement of an action to recover damages for criminal conversation expressly prescribed in the statutes, there is applicable to such an action under the provisions in secs. 330.15 and 330.19, Stats., only the six-year period of limitation which is applicable under sec. 330.19 (5), Stats., to "An

action to recover damages . . . for an injury to the . . . rights of another, not arising on contract, except in case where a different period is expressly prescribed."

The gravamen or gist of a cause of action for criminal conversation is adulterous intercourse (13 R. C. L. p. 1484, § 534); and "to sustain an action for criminal conversation two things must be established: (1) An actual marriage between the spouses; and (2) sexual intercourse between defendant and the guilty spouse during the coverture." 30 C. J. p. 1154, § 1036. As these two elements are alleged in the complaint, a cause of action for criminal conversation is sufficiently stated. Neither that consequence nor the allowance under sec. 330.19 (5), Stats., of six years within which to commence the action to recover damages for the alleged criminal conversation is avoided by additional allegations of further facts which render the facts alleged also sufficient to constitute another cause of action on another theory.

Even if there may formerly have been some doubt as to the right of a wife to maintain an action for criminal conversation, she must be deemed to have been given the same rights as men in that respect by virtue of the provisions in sec. 6.015, Stats. (ch. 529, Laws of 1921), that "(1) Women shall have the same rights and privileges under the law as men in the exercise of suffrage, freedom of contract, choice of residence for voting purposes, jury service, holding office, holding and conveying property, care and custody of children, and in all other respects." As a consequence of such laws the same right of action that a husband has to recover damages for criminal conversation (*Lee v. Hammond*, 114 Wis. 550, 90 N. W. 1073; *Ward v. Thompson*, 146 Wis. 376, 131 N. W. 1066; *Blumenstein v. Pilon*, 184 Wis. 624, 201 N. W. 288) is generally held to vest in a married woman. *Oppenheim v. Kridel*, 236 N. Y. 156, 162, 140 N. E. 227, 28 A. L. R. 320; *Parker v. Newman*, 200 Ala. 103, 75 So. 479; *Valentine v. Pollak*, 95 Conn. 556, 111 Atl. 869; *Dodge v. Rush*, 28 App. D. C. 149, 8 Ann.

Cas. 671; *Nolin v. Pearson,* 191 Mass. 283, 77 N. E. 890, 4 L. R. A. (N. S.) 643; *Turner v. Heavrin,* 182 Ky. 65, 206 S. W. 23, 4 A. L. R. 562; *Rott v. Goehring,* 33 N. D. 413, 157 N. W. 294, L. R. A. 1916 E, 1086; *Frederick v. Morse,* 88 Vt. 126, 92 Atl. 16; *Lockwood v. Lockwood,* 67 Minn. 476, 70 N. W. 784. As the court said in *Oppenheim v. Kridel, supra,*—

"there is no sound and legitimate reason for denying a cause of action for criminal conversation to the wife while giving it to the husband. Surely she is as much interested as the husband in maintaining the home and wholesome, clean and affectionate relationships. Her feelings must be as sensitive as his toward the intruder, and it would be mere wilful blindness on the part of the courts to ignore these facts. Both the courts of this state and the statutes have recognized this change in the status, rights and privileges of a married woman."

*By the Court.*—Order affirmed.