SCHNEIDER, Appellant, v. MISTELE, Respondent.

*No. 289.   Argued April 11, 1968.—Decided May 7, 1968.*
(Also reported in 158 N. W. 2d 383.)

138

For the appellant the cause was submitted on the brief of *Alvin H. Eisenberg,* attorney, and *Edwin A. Star* of counsel, both of Milwaukee.

For the respondent there was a brief by *John J. McLario,* attorney, and *Ronald G. Bernoski* of counsel, both of Menomonee Falls; and oral argument by *Mr. Bernoski.*

ROBERT W. HANSEN, J. Alienation of affections and criminal conversation are closely related causes of action, usually brought to court on a single complaint. However, they are separate causes of action. The elements required to prove alienation of affections are (1) wrongful conduct on the part of the defendant, (2) plaintiff's loss of affection or consortium of the spouse, (3) causal connection between such conduct and such loss.[1] Such wrongful conduct must be the controlling cause.[2] The elements of a cause of action for criminal conversation are (1) an actual marriage between the spouses, and (2) sexual intercourse between the defendant and the guilty spouse during coverture.[3]

These two are twin causes of action, most often seen together, but they are not identical twins, certainly not Siamese twins. Adulterous intercourse is not a necessary element in an action for alienation of affections. Alienation of affections is not a necessary element for an action for criminal conversation, but goes only to the matter of damages. Each is a separate cause of action, each governed by a different statute of limitations, each clearly separable and distinguishable from the other.[4]

The jury finding in the first case of "wrongful conduct" falls short of a finding of adulterous relations, a required element in the second case. This issue must be held not to have been adjudicated in the first action. The judgment in the first case is not conclusive as to this issue because it was not in fact adjudicated.[5] The

---

[1] *Kundert v. Johnson* (1955), 268 Wis. 484, 485, 68 N. W. 2d 42.

[2] *Maahs v. Schultz* (1932), 207 Wis. 624, 633, 242 N. W. 195.

[3] *Woodman v. Goodrich* (1940), 234 Wis. 565, 567, 291 N. W. 768.

[4] *Id.*

[5] ". . . in a subsequent litigation between the same parties or their privies upon a different cause of action, the judgment is only conclusive as to those issues which were in fact adjudicated." *Grunert v. Spalding* (1899), 104 Wis. 193, 213, 214, 80 N. W. 589. *See also Estate of Hertzfeld* (1960), 10 Wis. 2d 333, 338, 102 N. W. 2d 838.

doctrine of res adjudicata and the related doctrine of collateral estoppel do not apply because the jury in the first case was not called upon to find and did not in fact find the existence of an essential element of a cause of action for criminal conversation.

It is particularly true that a prior judgment is not res adjudicata or an estoppel bar as to any matter which the court in the earlier case expressly refused to submit to the jury and expressly directed should be litigated in another forum or in another action.[6] In this case, the judge in the first case stated:

"The Court is of the opinion that the denial of the motions during trial on the part of the Court by no way denies plaintiff's counsel from pursuing a cause of action for criminal conversation since the Court denies every motion concerning a cause of action relating to criminal conversation."

It is clear that the judge in the first case could have submitted the cause of action for criminal conversation. It may well be as clear that he should have. We must be governed by what he did do, not what he could have done or should have done.

Defendant strongly contends that plaintiff should have appealed the ruling of the judge in the first case refusing to submit the issue of adultery and the cause of action for criminal conversation to the jury. However, in that case, he destroyed the platform on which he now seeks to stand. Plaintiff in the first case did seek instructions and questions in the special verdict as to criminal conversation as well as on alienation of affections. It was defendant's counsel who objected, stating then:

"We also object to that motion, and for the record, we would just like to call to the attention of the Court that this matter was at pre-trial and we believed that this was an action for alienation of affections only, and we object to such a motion."

[6] 30A Am. Jur., *Judgments*, p. 421, sec. 374.

It was on his objection that the judge in the first action sent the case to the jury as an alienation of affections action only. What he helped to rend asunder he cannot now successfully contend should have been left together.

*By the Court.*—Orders reversed and the cause remanded for further proceedings.