WARRINGTON U.S.A., INC., Plaintiff,

v.

Richard A. ALLEN and Karen S. Allen, jointly and severally, Defendants.

No. 85–C–1552.

United States District Court, E.D. Wisconsin.

April 7, 1986.

Kohner, Mann & Kallais by Gary P. Lanrzy, Milwaukee, Wis., for plaintiff.

Karen S. Allen, pro se, and for Richard A. Allen.

## DECISION AND ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff, Warrington, U.S.A., Inc. (Warrington), brings this diversity action against the defendants, Richard A. Allen and Karen S. Allen, to recover $14,500, plus interest, allegedly due under the terms of a promissory note. Karen Allen, appearing pro se, filed an answer to the complaint on behalf of herself and Richard Allen. Warrington has now moved for default and default judgment as to Richard Allen. The plaintiff also has moved for summary judgment against Karen Allen. No response to the motions has been filed. The plaintiff's motion for default judgment against Mr. Allen and its motion for summary judgment against Ms. Allen will be denied. The motion for the entry of default as to Mr. Allen will be denied without prejudice.

### MOTION FOR DEFAULT AND DEFAULT JUDGMENT

The plaintiff bases its motion for default and default judgment against Richard Allen on the contention that the answer filed by Karen Allen on her own behalf and that of Mr. Allen is a nullity as to Mr. Allen because Ms. Allen is not a licensed attorney. Mr. Allen has not otherwise responded to the plaintiff's complaint.

Under Local Rule 2.01 of this district, "[a]ll parties to actions filed in ... this court must appear either *pro se* or by an attorney admitted to practice in this court." *See also Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir.1986) (a litigant may appear in federal court only pro se or through counsel). Ms. Allen is not a member of the bar of this court nor is she admitted to practice law in Wisconsin, according to the records of the Clerk of the Wisconsin Supreme Court. It is this

court's understanding, based on the plaintiff's uncontested assertion, that Ms. Allen is not an attorney.

■ Warrington is correct, therefore, that the pro se answer filed by Karen Allen is a nullity insofar as it purports also to answer on behalf of Richard Allen. It does not automatically follow, however, that the plaintiff is entitled to the entry of default or a default judgment against Mr. Allen.

■ In the case at bar, Warrington charges the defendants with joint and several liability for breach of their duty to pay under the terms of a promissory note. When a complaint makes a joint charge against two or more defendants, as here, and one of them fails to answer or otherwise appear in a case, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted. *Frow v. De La Vega,* 15 Wall. 552, 554, 82 U.S. 552, 554, 21 L.Ed. 60 (1872). A final judgment entered against the defaulting defendant alone could lead to the absurd result of one decree sustaining the plaintiff's claim and a later decree dismissing the charge as to the nondefaulting defendant. *Id.* At most, the court should enter a default against the defendant who has failed to appear and withhold the entry of judgment as to this defendant pending the outcome of the litigation involving the remaining defendant. *Id.;* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2690 (1983). Accordingly, the plaintiff's motion for default judgment against Richard Allen will be denied.

Turning to the plaintiff's contention that Mr. Allen should be held in default, the court finds this to be too drastic a result at this juncture. I believe that the better procedure under the present circumstances is to allow Mr. Allen an opportunity to file an answer, either pro se or through counsel, or to file a signed statement indicating that he joins in Karen Allen's answer. *See Lewis, supra,* At 831. The court, therefore, will deny the plaintiff's motion for default against Richard Allen without prejudice. If Mr. Allen fails to respond to the complaint within twenty days from the date of this decision and order, the plaintiff may renew its motion for default.

## MOTION FOR SUMMARY JUDGMENT

The plaintiff bases its motion for summary judgment against Karen Allen on the contention that the defenses raised by Ms. Allen in her answer are barred under the doctrine of res judicata. The plaintiff has not moved for summary judgment as to Richard Allen.

In early 1984, Caber U.S.A., a division of Warrington, brought a diversity action in this district against the defendants herein, individually and doing business as T.M. Sales and/or Nordic Chalet, to recover over $17,000 allegedly due and owing on a sale of ski equipment (Case no. 84–C–328). The defendants, by counsel, filed an answer to the complaint in which they asserted as an affirmative defense that Caber had broken the purchase agreement between the parties. Pursuant to the stipulation of the parties, on November 21, 1984, Judge Warren entered an order dismissing the case on its merits.

Warrington alleges that as a basis for settling the prior case, Richard and Karen Allen signed a promissory note on November 6, 1984, agreeing to pay the plaintiff $14,500, plus interest, on or before November 6, 1985. Warrington claims that the Allens have failed to make payment pursuant to the terms of the note. The plaintiff brings this action to recover the money due under the note, plus interest, collection costs and reasonable attorney fees.

In the case at bar, Karen Allen raises in greater detail essentially the same defense that she raised in the previous action; namely that the plaintiff violated the parties' agreement concerning the sale of the ski equipment. More specifically, Ms. Allen alleges that Warrington misrepresented the nature of the equipment, failed timely to deliver it, and broke its promise to repurchase the equipment that the defendants were unable to sell. The plaintiff herein contends that these defenses are barred by the doctrine of res judicata and that, conse-

quently, summary judgment should be entered against Ms. Allen.

As a threshold matter, the court will assume without deciding that federal law governs the res judicata effect of the prior federal court judgment. There is a split of authority over whether federal courts in a diversity action should apply state or federal law in determining the res judicata effect of a prior federal diversity judgment. Two circuit courts of appeals have expressly held that state law applies in this situation. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982); *Gatewood v. Fiat, S.P.A.*, 617 F.2d 820, 826 n. 11 (D.C.Cir.1980). Conversely, courts of appeals in several other circuits have held that federal law should govern because. *Silcox v. United Trucking Service, Inc.*, 687 F.2d 848, 852 (6th Cir.1982); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 715–18 (5th Cir.), *cert. denied*, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975); *Kern v. Hettinger*, 303 F.2d 333, 340 (2d Cir.1962); *see also Fraley v. American Cyanamid Co.*, 570 F.Supp. 497, 501–02 (D.C.Colo.1983); Restatement (Second) of Judgments § 87 (1982).

The Court of Appeals for the Seventh Circuit in at least two cases has applied, without explanation, the state law on res judicata in situations like the present one. *Gasbarra v. Park-Ohio Industries, Inc.*, 655 F.2d 119, 121 (7th Cir.1981); *Morgan v. Inter-Continental Trading Corp.*, 360 F.2d 853, 855 (7th Cir.1966). A recent Seventh Circuit decision suggests, however, that a federal court sitting in a diversity action should apply federal law to determine the preclusive effect due a prior federal diversity judgment. *Morris v. Spratt*, 768 F.2d 879, 882 (7th Cir.1985). This court is not required to take a position on this issue; the result in the case at bar is identical under both federal law and Wisconsin law.

The broad concept of res judicata encompasses the doctrines of claim preclusion, or what is generally referred to as res judicata, and issue preclusion, generally termed collateral estoppel. *See Jones v. City of Alton*, 757 F.2d 878, 879 n. 1 (7th Cir.1985);

18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4402 (1981). (Hereinafter, claim and issue preclusion will be referred to respectively as res judicata and collateral estoppel). Under res judicata, a final judgment on the merits is a complete bar to future claims by parties or their privies based on the same cause of action. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Collateral estoppel bars the relitigation of issues actually and necessarily adjudicated in prior litigation between the same parties. *Id.; Jones, supra*, 757 F.2d at 879 n. 1.

Although not entirely clear from the plaintiff's summary judgment motion and supporting memorandum, it appears that its motion is based on the concept of claim preclusion. There are three essential elements to claim preclusion, or res judicata: (1), the parties to the later suit must be the same or in privity with those in the earlier suit; (2) the later suit must involve the same claim, or cause of action, as the earlier suit; and (3) the court in the earlier suit must have entered a final judgment on the merits. *Mandarino v. Pollard*, 718 F.2d 845, 849 (7th Cir.1983), *cert. denied*, —— U.S. ——, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984).

▪ The first and third elements clearly are satisfied in this case. However, the second element, identity of the claims in the two cases, is not present. The Court of Appeals for the Seventh Circuit utilizes a form of transactional analysis for determining whether two claims are the same for res judicata purposes. The test is whether both cases "arise out of the same basic factual situation." *Himel v. Continental Illinois Nat'l Bank and Trust Co. of Chicago*, 596 F.2d 205, 209 (7th Cir. 1979). Wisconsin courts employ a similar transactional view of a cause of action, focusing on the factual situation to determine if both suits arise from the same transaction or incident. *DePratt v. West Bend Mutual Ins. Co.*, 113 Wis.2d 306, 311, 334 N.W.2d 883 (1983); *see also Krison v. Nehls*, 767 F.2d 344, 349 (7th Cir.1985);

Restatement (Second) of Judgments § 24 (1982).

Applying a transactional analysis to the present matter, it is clear that the plaintiff's claim herein is not the same as its claim in the earlier case before Judge Warren. Quite simply, the two cases involve separate contracts which arose at different times out of different transactions. The breach alleged in this case did not occur until after November 7, 1986, nearly one year subsequent to the dismissal of the prior case on its merits. While the present claim may be closely related to the claim in the previous case, it is nonetheless a separate cause of action, precluding the application of res judicata. *See Casey v. Palmer Johnson Inc.*, 506 F.Supp. 1361, 1365 (E.D. Wis.1981). Thus, Karen Allen's defenses in this case are not barred under the doctrine of res judicata.

■ Nor does the doctrine of collateral estoppel preclude Ms. Allen's defenses herein. While res judicata forecloses not only issues actually litigated but also issues which might have been litigated previously, collateral estoppel treats as final only those issues actually and necessarily litigated in the prior case. *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979); *Schneider v. Mistele*, 39 Wis.2d 137, 140, 158 N.W.2d 383 (1968). In the prior case, Judge Warren dismissed the action on its merits pursuant to the parties' stipulation. The stipulation and the court's order provide no more than that the "action be dismissed on its merits." The court did not make any findings of fact or conclusions of law, nor did the parties even file a settlement agreement.

■ Whereas a judgment dismissing a case "on its merits" bars a later suit on the same cause of action, if the earlier judgment is unaccompanied by any findings, it does not bind the parties on any issue which might arise in a subsequent case involving a different cause of action. *Lawlor v. Nat'l Screen Service Corp.*, 349 U.S. 322, 327, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955). In the prior case, Judge Warren did not actually resolve the substance of

the issues presented, including the Allens' defense that Caber violated the parties' purchase agreement. As in *United States v. Int'l Bldg. Co.*, 345 U.S. 502, 73 S.Ct. 807, 97 L.Ed. 1182 (1953), the final judgment in the earlier case appears to be simply a pro forma acceptance by the court of the parties' decision to settle their dispute. *See I.A.M. Nat'l Pension Fund v. Industrial Gear Mfg. Co.*, 723 F.2d 944, 949 N. 7 (D.C.Cir.1983).

It is not possible to tell whether the parties' agreement to dismiss the previous case "on its merits" was actually based on the merits or on some collateral consideration. *Int'l Bldg. Co., supra*, 345 U.S. at 505, 73 S.Ct. at 809. Ms. Allen could have agreed to settle the earlier case for a variety of reasons and not necessarily because she was convinced that she had broken the purchase agreement for the ski equipment. *See Southern Pacific Communications Co. v. American Tel. & Tel. Co.*, 740 F.2d 1011, 1021 (D.C.Cir.1984).

As the Supreme Court stated in *Int'l Building Co., supra*, 345 U.S. at 506, 73 S.Ct. at 809:

"A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compromise of the parties."

The court will not allow the dismissal in the previous case to forever bar inquiry into the merits of the defenses raised in this case. Accordingly, Karen Allen is not collaterally estopped from asserting her defenses in the present action.

Therefore, IT IS ORDERED that the plaintiff's motion for default judgment against defendant Richard Allen be and hereby is denied.

IT IS ALSO ORDERED that the plaintiff's motion for default against Richard Allen be and hereby is denied without prejudice. If, within twenty days from the date of this decision and order, Richard

Allen, on his own behalf or by counsel, fails to file and serve upon the plaintiff an answer to the complaint or a signed declaration that he joins in Karen Allen's answer, the plaintiff may renew its motion for default.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment against Karen Allen be and hereby is denied.