AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,

v.

Gordon Dwayne POWELL, Defendant-Respondent.

Court of Appeals

*No. 91–2686. Submitted on briefs May 11, 1992.—Decided June 2, 1992.*

(Also reported in 486 N.W.2d 537.)

605

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Susan Schleif Gherty* of *Gherty & Gherty, S.C.* of Hudson.

On behalf of the defendant-respondent, the cause was submitted on the brief of *William E. Jepsen* of *Karon, Jepsen & Daly, P.A.* of St. Paul, Minnesota.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   American Family Mutual Insurance Company appeals a summary judgment holding that

Minnesota law applies to determine whether Gordon Powell could settle with Steven Arnold, a Minnesota tortfeasor, for less than Arnold's liability insurance limits and recover his remaining damages from American Family, Powell's underinsurance carrier. American Family argues that Wisconsin law applies because Powell is a Wisconsin resident, American Family is a Wisconsin corporation that issued the underinsurance policy to Powell in Wisconsin and the issue involves a contract claim. We agree and reverse the judgment.

Powell, a Wisconsin resident, was injured in an automobile accident when his car collided with Arnold's car. Arnold is a Minnesota resident, and the accident occurred in Minnesota.

At the time of the accident, Powell had underinsurance coverage of $100,000 through American Family. American Family, a Wisconsin corporation, negotiated and issued the policy in Wisconsin. State Farm Mutual Insurance issued a policy to Arnold in Minnesota with liability limits of $30,000.

Powell, claiming damages in excess of $30,000, informed American Family that he intended to settle his claim against Arnold and State Farm for $17,500, and make a claim against American Family for his remaining damages. American Family filed an action seeking a declaration of rights under its underinsurance policy. The circuit court issued a summary judgment holding that Minnesota law applied to the insurance contract between American Family and Powell to determine whether Powell could settle with Arnold and recover his remaining damages from American Family under his underinsurance coverage.

We review summary judgments de novo. *Grosskopf Oil v. Winter*, 156 Wis. 2d 575, 581, 457 N.W.2d 514, 517

(Ct. App. 1990). The methodology for reviewing a summary judgment has been set forth many times, and it need not be repeated here. *See Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980).

Minnesota statute sec. 65B.49, subd. 4a (1988), allows an insured, who settles with a tortfeasor for less than the tortfeasor's liability limits, to recover from his underinsurance carrier the difference between the actual settlement proceeds and the tortfeasor's liability limits. *Onasch v. Auto-Owners Ins. Co.,* 444 N.W.2d 587, 591 (Minn. App. 1989). Under Minnesota law, Powell would be able to recover from American Family $12,500, the difference between the settlement proceeds and Arnold's liability limits.

Wisconsin has no comparable statute. Under Wisconsin law, we interpret and apply insurance contracts according to their unambiguous language. *See Just v. Land Reclamation Ltd.,* 155 Wis. 2d 737, 744, 456 N.W.2d 570, 572-73 (1990). The underinsurance policy American Family issued to Powell provides that American Family will pay under its underinsurance coverage "only after the limits of liability" under a bodily injury liability policy have "been exhausted by payment of judgements or settlements." Under Wisconsin law, therefore, Powell would not be able to recover the $12,500 difference from his underinsurer, American Family.

Whether Minnesota or Wisconsin law applies to enforce and interpret the underinsurance contract between Powell and American Family is a question of law. *See Urhammer v. Olson,* 39 Wis. 2d 447, 450, 159 N.W.2d 688, 689 (1968). We review questions of law without deference to the trial court. *Ondrasek v. Ten-*

608

*neson,* 158 Wis. 2d 690, 694, 462 N.W.2d 915, 917 (Ct. App. 1990).

We resolve conflicts questions pertaining to the validity of and rights created by a contract under the "grouping-of-contacts" theory. *Urhammer,* 39 Wis. 2d at 450, 159 N.W.2d at 689. The law of the state with the most significant contacts with the contract applies. *Id.* at 450-51, 159 N.W.2d at 689-90.

The facts in *Urhammer* are a mirror image to the facts in this case. JoAnn Urhammer was a passenger in her husband, Edward Urhammer's, automobile when she was injured in an accident in Wisconsin. *Id.* at 448, 159 N.W.2d at 688. Edward was a Minnesota resident, and Charles Olson, the driver of the other car, was a Wisconsin resident. *Id.* JoAnn filed an action against Edward; State Farm Mutual Automobile Insurance Company, Edward's insurer; Olson; and Heritage Mutual Insurance Company, Olson's insurer. *Id.* The issue involved the applicability of State Farm's family exclusion clause, which was valid under Minnesota law and invalid under Wisconsin law. *Id.* at 449-51, 159 N.W.2d at 689-90.

Applying the "grouping-of-contacts" theory, our supreme court held that Minnesota law applied. *Id.* at 450-51, 159 N.W.2d at 689-90. It stated that Wisconsin law governs the tort aspects of the case, but because the State Farm policy was negotiated and issued in Minnesota between two Minnesota residents, Minnesota had the most significant contacts with the contract. *Id.*

Here, the issue is whether Powell may settle with Arnold for less than Arnold's policy limits and recover the difference between the settlement amount and Arnold's policy limits from American Family under its underinsurance policy. Powell is a Wisconsin resident. American Family is a Wisconsin corporation. American

Family negotiated and issued the underinsurance policy to Powell in Wisconsin. Thus, Wisconsin has the most significant contacts with the insurance contract between Powell and American Family.

Powell's accident occurred in Minnesota and involved Arnold, a Minnesota resident, who was issued a liability policy in Minnesota. These Minnesota contacts, although relevant to a tort action, have no bearing on a contract dispute between Powell and American Family. Consequently, we conclude that Wisconsin law applies to determine whether Powell may settle with Arnold for less than Arnold's liability limits and recover his remaining damages from American Family.

*By the Court.*—Judgment reversed.