CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and Howard McDougall, trustee, Plaintiffs,

v.

PLYMOUTH CONCRETE, INC., a Michigan corporation, Defendant.

No. 92 C 1931.

United States District Court, N.D. Illinois, E.D.

Sept. 15, 1992.

Albert M. Madden, Margaret Mary Fahrenbach, Robert Anthony Coco, Patrick J. Connor, Central States Law Dept., Rosemont, Ill., for plaintiffs.

Stuart Smith, Gordan & Glickson, P.C., Cristen Louise Kogl, Gordon & Glickson P.C., Chicago, Ill., Daniel J. Cramer, Ann Arbor, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund and Trustee Howard McDougall (collectively "Central States" or the "Fund") bring this two-count complaint against Plymouth Concrete, Inc. ("Plymouth"). Count I seeks the payment of contributions owed for the period of September, 1991 through February, 1992, based on employee work history as reported by Plymouth. Count II seeks the payment of contributions for the period between December 27, 1987 and September 21, 1991, revealed to be owed as the result of an audit of Plymouth's records. Presently before the court is Plymouth's motion for judgment on the pleadings or, alternatively, for summary judgment. We will treat this motion as one for summary judgment and, for the reasons set forth below, it is denied.

### I. Summary Judgment Standard

Under the Federal Rules of Civil Procedure, summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). This standard places the initial burden on the moving party to identify "those portions of 'the pleadings, deposi-tions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Rule 56(c)). Once the moving party has done this, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must read all facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Griffin v. Thomas,* 929 F.2d 1210, 1212 (7th Cir.1991).

### II. Background

Central States is a multi-employer benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Plaintiff Howard McDougall is a Trustee and a fiduciary of the Fund, and brings this action in that capacity. Plymouth is a Michigan corporation and an "employer" and a "party-in-interest" as those terms are defined by, respectively, §§ 1002(5) and 1002(14)(C) of ERISA. Pursuant to a series of collective bargaining and participation agreements, Plymouth agreed to pay monthly contributions to the Fund on behalf of covered its employees. These monthly contributions were to be made on the basis of an employee work history as reported by Plymouth. Additionally, under the terms of the trust agreement, Central States maintained the right to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by employers.

The instant suit is not the first action brought by Central States against Plymouth. On April 5, 1991, the Fund filed suit against Plymouth, seeking contributions on the basis of reported employee work history for the period of July, 1990 through December, 1990. *See* Complaint ¶ 19, at 6, *Central States, Southeast and Southwest Areas Pension Fund v. Plymouth,* No. 91–2042 (N.D.Ill. Apr. 5, 1991) ("*Plymouth*

*I* "). The complaint in *Plymouth I* alleged that Plymouth reported employee work history for the period between July and December of 1990, but breached the collective bargaining agreement, the Fund trust agreement and a participation agreement "by failing to pay all of the contributions (and interest due thereon) which the employee work history it reported to the Pension Fund revealed to be owed." *Id.* ¶ 17, at 6. As Plymouth agreed to pay the entire delinquent balance in installments, pursuant to stipulation of the parties, the case was dismissed with prejudice by minute order dated December 12, 1991.

Given the disposition in *Plymouth I,* Plymouth now moves for judgment on all claims for contributions owed prior to April 5, 1991, arguing that those claims could have been raised in the prior proceeding and, as such, are barred by the doctrine of res judicata.

### III. Discussion

 Under the doctrine of res judicata, "a final judgment on the merits of an action bars further claims by the parties or their privies based on that same action." *Gray v. Lacke,* 885 F.2d 399, 404 (7th Cir. 1989), *cert. denied,* 494 U.S. 1029, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); *see also Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979); *Beard v. O'Neal,* 728 F.2d 894, 896 (7th Cir.), *cert. denied,* 469 U.S. 825, 105 S.Ct. 104, 83 L.Ed.2d 48 (1984).[1] Furthermore, the doctrine operates to bar not only those issues that the parties actually litigated, but also any claim that the parties could have raised in the prior proceeding. *Gray,* 885 F.2d at 404–05; *Car Carriers, Inc. v. Ford Motor Co.,* 789 F.2d 589, 593 (7th Cir.1986); *Illinois Hosp. Ass'n v. Edgar,* 765 F.Supp. 1343, 1347 (N.D.Ill.1991). For this court to apply the doctrine of res judicata to the instant suit, Plymouth must demonstrate: (1) a final judgment on the merits in *Plymouth I,* the prior action; (2) an identity of the cause of action in both

*Plymouth I* and the current action; and (3) an identity of parties or their privies in the two suits. *See Gray,* 885 F.2d at 405; *Mandarino v. Pollard,* 718 F.2d 845, 849 (7th Cir.1983), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 59 (1984). Central States concedes that the first and third elements are present in this case. Central States' Response to Defendant's Motion for Summary Judgment at 5. Accordingly, we turn to consider the existence of the second requisite, the identity of the cause of action.

The Seventh Circuit has adopted the transactional approach of the *Restatement (Second) of Judgments* in determining whether the cause of action in the second suit is identical to that set forth in the first. *See In re Energy Coop., Inc.,* 814 F.2d 1226, 1230–31 (7th Cir.), *cert. denied,* 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987); *Car Carriers,* 789 F.2d at 593. Under this approach, the relevant inquiry entails a determination of whether the two actions arise out of "a single core of operative fact." *Car Carriers,* 789 F.2d at 593. This inquiry is "decidedly fact-oriented. Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. Thus, 'a mere change in the legal theory does not create a new cause of action.' " *Id.* (quoting *Alexander v. Chicago Park District,* 773 F.2d 850, 854 (7th Cir.1985)). Further, the determination must be pragmatic:

> What factual grouping constitutes a "transaction" ... [is] to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Restatement (Second) of Judgments* § 24(2) (1982).

 Although Central States presently seeks to collect contributions over a period

---

1. As the prior action was brought in a federal district court, federal rules of res judicata apply. *Shaver v. F.W. Woolworth Co.,* 840 F.2d 1361,

1364 (7th Cir.), *cert. denied,* 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988).

of time covered in *Plymouth I*, the two claims differ in that each asserts different rights, alleges different injuries and arises from different facts. In *Plymouth I*, Central States sought to collect delinquent contributions based exclusively on the work history as provided by Plymouth. The instant suit, on the other hand, was brought after an audit revealed that Plymouth had failed to accurately report employee work history.

To date, two courts of appeals have addressed the issue of res judicata in virtually identical factual contexts, each utilizing the transactional approach yet rendering polar opinions. *Compare May v. Parker-Abbott Transfer and Storage, Inc.*, 899 F.2d 1007 (10th Cir.1990) (res judicata applies to bar second action to collect proceeds pursuant to audit) *with I.A.M. Nat'l Pension Fund v. Industrial Gear Mfg. Co.*, 723 F.2d 944 (D.C.Cir.1983) (res judicata does not bar subsequent action to collect contributions identified by audit). We believe the conclusion of the D.C. Circuit in *I.A.M. Nat'l Pension Fund* best comports with prevailing business practices and the underlying purposes of the doctrine of res judicata.

In holding that res judicata operates to bar a pension fund from maintaining a second action to collect contributions identified after an audit, the Tenth Circuit analogized the present circumstance to that of an ordinary, discrete contractual dispute:

> A sues B for breach of contract calling for delivery of certain appliances, alleging as the breach that the appliances did not meet the agreed specifications. After judgment for B, A commences a second action, this time alleging late delivery of the appliances as the breach. The second action is precluded.

*May*, 899 F.2d at 1010 (quoting *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1336 (10th Cir. 1988) (quoting *Restatement (Second) of Judgments* § 25 comment b, illustration 2, at 210–11)). In this vein, the court declared:

> [W]e cannot distinguish between the two lawsuits in this case and those presented in the *Restatement* illustration above. Only the order of the suits is reversed. Here appellant has brought one suit to force the payment of delinquent monthly contributions (late delivery), and now brings another seeking an audit to ensure the accurate calculation of those contributions (or to ensure that the payments meet the agreed specifications). To allow the second suit to proceed as framed would allow precisely the sort of piecemeal litigation, unnecessary expense, and waste of judicial resources that the doctrine of res judicata is designed to prevent.

*Id.* This analogy, however, overlooks the realities dictating the operations of modern day pension funds. Significantly, Central States is a separate and distinct entity from both Plymouth and the union representing its employees. As such, it has no independent knowledge with which to verify the accuracy of the information supplied by the employer. Accordingly, as recognized in *I.A.M. Nat'l Pension Fund*, 723 F.2d at 948, "[b]efore the Fund can maintain a cause of action alleging inaccurate contributions, it must conduct an audit from which it determines that the monthly reports are inaccurate." As stated by Judge Logan in dissent to the decision in *May*:

> To hold that whenever the Fund believes it must sue to prod a lax or recalcitrant employer into submitting required reports or making payments shown as due on reports it has filed, it must conduct an audit of the employer's wage records or forever lose the right to complain of possible omissions or inaccuracies in the contributions owed by that employer, imposes an unfair burden on pension funds while furthering none of the policies behind the doctrine of res judicata.

*May*, 899 F.2d at 1011 (Logan, J., dissenting).

■ In sum, the Fund's previous action to recover delinquent contributions based on reports submitted by Plymouth arises out of different facts than the current suit to collect contributions stemming from Plymouth's inaccurate reporting of

employee work history. Consequently, the doctrine of res judicata does not bar Central States' present claim for contributions for monies owed prior to April 5, 1991, and Plymouth's motion for summary judgment is denied.[2]

### IV. Conclusion

For the reasons set forth below, Plymouth's motion for summary judgment is denied. It is so ordered.

---

**2.** Plymouth also argues that the doctrine of collateral estoppel precludes the Fund's current claim. However, collateral estoppel (or issue preclusion) requires that the prior claim actually and necessarily be litigated in the prior case. *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979). In the instant case, the first suit was dismissed pursu-

ant to stipulation of the parties. Under these circumstances, in the absence of an adjudication on the merits, the Fund is not barred by the doctrine of collateral estoppel in this action. *See I.A.M. Nat'l Pension Fund,* 723 F.2d at 949; *Warrington U.S.A., Inc. v. Allen,* 631 F.Supp. 1456, 1459 (E.D.Wis.1986).