John DAVIS, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 97–0133. Submitted on briefs June 10, 1997.—Decided
July 15, 1997.*

(Also reported in 569 N.W.2d 64.)

†Petition to review denied.

382

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Timothy T. Sempf* of *Novitzke, Gust & Sempf* of Amery.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Steven G. Danielson* of *Danielson, Guettinger, Richie, Manydeeds & Weinke, S.C.* of Eau Claire.

Before Cane, P.J., Myse and Mohr,[1] JJ.

CANE, P.J.    John Davis appeals a summary judgment granted in favor of American Family Insurance

---

[1] Circuit Judge James B. Mohr is sitting by special assignment pursuant to the Judicial Exchange Program.

Company, dismissing his bad faith claim against American Family. Davis asserts the trial court erroneously exercised its discretion when it granted a stay of the proceedings pursuant to § 801.63, STATS. He also argues that the doctrines of judicial estoppel, fundamental fairness and claim preclusion do not support summary judgment. Davis also asserts that if he is denied his bad faith claim because his underinsured motorist claim was brought in Minnesota, the purpose of Wisconsin bad faith law will be undermined and Wisconsin residents injured in other states will be at the mercy of unscrupulous insurance practices.

American Family argues that summary judgment was properly granted based upon claim preclusion, judicial estoppel, and considerations of forum shopping and fundamental fairness. American Family also asserts that Davis' bad faith claim should have been dismissed because the applicable statute of limitations had expired, and that the trial court properly ordered a stay pursuant to § 801.61, STATS. Because we conclude that granting summary judgment on the basis of claim preclusion and judicial estoppel was inappropriate, we reverse the judgment and remand for further proceedings consistent with this opinion.

On October 8, 1989, Davis was injured in a one vehicle accident in Hennepin County, Minnesota, in a vehicle driven by James Goutanis. State Farm Insurance Company insured the Goutanis vehicle for $100,000/$300,000 liability. Davis settled the liability portion of his claim with State Farm for $77,500, or $22,500 less than the policy limits.

Davis then claimed underinsured motorist benefits from his insurance provider, American Family. Davis was insured by American Family under a policy issued to his father, James Davis. The policy was

issued in Wisconsin and James Davis lived in Wisconsin. American Family denied the claim, and Davis sued American Family in Minnesota, pursuant to Minnesota law permitting an insured to sue for underinsured motorist benefits after accepting an amount less than the policy limits from a liability carrier.[2] Davis' claim against American Family for underinsured motorist benefits was precluded by Wisconsin law because he settled the liability portion of the claim for an amount less than Goutanis' policy limits. *See American Family Mut. Ins. Co. v. Powell*, 169 Wis. 2d 605, 608, 486 N.W.2d 537, 538 (Ct. App. 1992).

The Minnesota court granted Davis' motion for summary judgment, deciding that Davis was entitled to underinsured motorist coverage under American Family's policy. After a trial on damages, the jury returned a verdict in the amount of $378,828.96. Judgment for Davis was entered in the amount of $100,000 plus costs, disbursements and post-judgment interest.

On January 31, 1995, Davis commenced a bad faith action against American Family in Wisconsin, asserting that American Family acted in bad faith when it denied Davis' claim for underinsured motorist coverage. American Family moved for a stay of the proceedings pursuant to § 801.63, STATS.,[3] to move the proceedings to Minnesota. The trial court granted the

---

[2] *See* Minn. Stat. § 65B.49.

[3] Section 801.63(1), STATS., provides:

**801.63 Stay of proceeding to permit trial in a foreign forum. (1)** STAY ON INITIATIVE OF PARTIES. If a court of this state, on motion of any party, finds that trial of an action pending before it should as a matter of substantial justice be tried in a forum outside this state, the court may in conformity with sub. (3) enter an order to stay further proceedings on the action in this state. . . .

motion. During the hearing on the motion, the trial court stated the following:

> It seems to the Court that, at least my impression is that it is a matter of substantial justice that it be tried in the forum which was initially selected for the underlying case. How that case was handled in Minnesota probably would be determinative of any bad faith issue, and that Minnesota courts are in a better position to apply Minnesota law, and I think the equities are simply on [American Family's] side in this case.
>
> The appearance would be otherwise, that this Court is allowing a party to select a forum to gain, at least arguably, unfair advantage. You apply one state's law under one set of circumstances and then come back and say how it's in our best interests to apply another state's law and it seems fair and reasonable to this court that one forum try to get on top of all the issues. To the extent that such a claim is unavailable in Minnesota, this Court upon that determination presumably would allow the parties to proceed.
>
> I don't see how this hurts plaintiff. I am of the opinion that we don't have a jurisdictional issue, and I don't think anybody could effectively argue convenience to parties and witnesses since the trial was conducted in Hennepin County, Minnesota. And if there is some difference in conflict of laws, it seems reasonable to the Court Minnesota law ought to apply. But that would be a determination the Minnesota court would have to make whether they wished to apply Wisconsin law in any respect.

On May 15, 1996, the Hennepin County court dismissed Davis' lawsuit because the tort of bad faith is not recognized in Minnesota.

On November 12, 1996, the parties argued American Family's summary judgment motion in Wisconsin. The court granted summary judgment to American Family, deciding Davis' bad faith cause of action was barred by the principles of claim preclusion, fundamental fairness and judicial estoppel.[4] Davis now appeals the summary judgment.

■■■■■

We review summary judgments de novo. *Universal Die & Stampings, Inc. v. Justus*, 174 Wis. 2d 556, 560, 497 N.W.2d 797, 799 (Ct. App. 1993). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Section 802.08(2), STATS.

■■■■■

Whether claim preclusion applies to a particular set of facts is a question of law we review de novo. *NSP Co. v. Bugher*, 189 Wis. 2d 541, 551, 525 N.W.2d 723, 728 (1995). Claim preclusion provides that "a final judgment is conclusive in all subsequent actions between the same parties . . . as to all matters which were litigated or which might have been litigated in the former proceedings." *Id.* at 550, 525 N.W.2d at 727 (citation omitted). In order for claim preclusion to apply, there must be an identity between the parties or their privies in the prior and present lawsuits, an identity between the causes of action in the lawsuits, and a

---

[4] Our supreme court adopted the term "claim preclusion" to replace "res judicata" and "issue preclusion" to replace "collateral estoppel." *NSP Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995). Claim preclusion is at issue in this case.

final judgment on the merits in a court of competent jurisdiction. *Id.* at 551, 525 N.W.2d at 728.

When it granted American Family's motion to stay the proceedings, the trial court made the following order:

> [This case] is stayed . . . so that the matter may be filed and heard in Hennepin County District Court, State of Minnesota, for determination as to whether plaintiff's claim is available in Minnesota for ultimate determination and whether prosecution is available for ultimate determination and trial of said cause of action. To the extent that the claim and prosecution are unavailable in Minnesota, this court would retain jurisdiction and allow the parties to pursue action in this Court for ultimate determination.

The language contained in the order expressly permitted Davis to try his bad faith claim in Wisconsin if that claim was unavailable in Minnesota. However, when Davis returned to Wisconsin to resolve the bad faith claim, the trial court granted summary judgment against Davis, based in part on claim preclusion.

■ Davis argues that claim preclusion is inapplicable to this case. We agree. As a matter of law, claim preclusion does not apply when the plaintiff accepts the trial court's invitation to file his claim elsewhere. *Schneider v. Mistele*, 39 Wis. 2d 137, 158 N.W.2d 383 (1968). "[A] prior judgment is not res adjudicata or an estoppel bar as to any matter which the court in the earlier case expressly refused to submit to the jury and expressly directed should be litigated in another forum or in another action." *Id.* at 141, 158 N.W.2d at 385 (footnote omitted). Here, the trial court granted a stay so that Davis' bad faith claim could be tried in Minnesota, and

ordered that "[t]o the extent that the claim and prosecution are unavailable in Minnesota, this court would retain jurisdiction and allow the parties to pursue action in this Court for ultimate determination." We conclude that the trial court's order granting the stay but permitting Davis to return with his bad faith claim to Wisconsin prevents the application of claim preclusion to bar Davis' bad faith claim.

■

The doctrine of judicial estoppel is also inapplicable. Judicial estoppel "precludes a party from asserting a position in a legal proceeding and then subsequently asserting an inconsistent position." *State v. Petty*, 201 Wis. 2d 337, 347, 548 N.W.2d 817, 820 (1996). It is within the trial court's discretion to apply judicial estoppel. *Id.* at 346–47, 548 N.W.2d at 820. For judicial estoppel to apply, the following requirements must be met: "First, the later position must be clearly inconsistent with the earlier position; second, the facts at issue should be the same in both cases; and finally, the party to be estopped must have convinced the first court to adopt its position—a litigant is not forever bound to a losing argument." *Id.* at 348, 548 N.W.2d at 821 (citation omitted).

■

Here, Davis has not asserted inconsistent positions. We recognize that in the underlying insurance coverage dispute, Davis filed suit against American Family in Minnesota. Unquestionably, it was to his advantage to file suit in Minnesota and to rely on Minnesota law because his recovery of underinsured motorist benefits pursuant to Wisconsin law was precluded. *See American Family*, 169 Wis. 2d at 608, 486 N.W.2d at 538. However, the litigation of the underlying insurance claim in Minnesota does not preclude a

Wisconsin insured from filing a bad faith claim against a Wisconsin insurer in Wisconsin. *See Schlussler v. American Family Mut. Ins. Co.*, 157 Wis. 2d 516, 527–28, 460 N.W.2d 756, 761 (Ct. App. 1990).

■

We conclude Davis was entitled to pursue his underinsured motorist coverage claim in Minnesota and his bad faith claim in Wisconsin, and his decision to do so does not invoke judicial estoppel or violate the principles of fundamental fairness. Because the trial court's decision to apply judicial estoppel was an inappropriate application of the principles of the relevant law to the facts, we conclude the trial court erroneously exercised its discretion when it decided judicial estoppel supported summary judgment.

Finally, we consider American Family's argument that Davis' bad faith claim should have been dismissed because the applicable two-year statute of limitations[5] had expired. Because Davis asserts this issue is not properly before this court without a cross-appeal by American Family, Davis does not address this issue in his appellate brief. Davis is incorrect. A cross-appeal is not necessary when the error complained of by the respondent, if corrected, would sustain the judgment or order that the appellant appeals. *See State v. Alles*, 106 Wis. 2d 368, 390–91, 316 N.W.2d 378, 388 (1982). Nevertheless, we reject American Family's argument.

■

American Family contends that Davis' bad faith claim accrued when it denied Davis' underinsured motorist claim in letters to Davis dated May 7, 1991, and May 30, 1991, and that Davis did not file his bad

---

[5] *See* § 893.57, STATS.; *Warmka v. Hartland Cicero Mut. Ins. Co.*, 136 Wis. 2d 31, 36, 400 N.W.2d 923, 925 (1987) (§ 893.57 governs bad faith claims against insurers).

faith lawsuit until February 1, 1995, nearly two years after the statute of limitations had expired. At the trial court, Davis' position was that his bad faith cause of action accrued at the earliest on April 23, 1993, in a letter from American Family to Davis stating that its approach toward Davis' underinsured motorist claim was "no pay and appeal." When, as here, the facts are disputed as to when the plaintiff knew or should have discovered his injury for statute of limitations purposes, a factual dispute exists for the factfinder. *See Estate of Plautz v. Time Ins. Co.*, 189 Wis. 2d 136, 148, 525 N.W.2d 342, 348 (Ct. App. 1994). A bad faith cause of action does not necessarily accrue at the time an insurer denies an insured's claim. *See id.* Because a factual dispute exists, summary judgment on this issue is inappropriate. Section 802.08(2), STATS.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.