## Hilmes vs. Stroebel and others.

*November 22 — December 11, 1883.*

ASSAULT AND BATTERY. *(1, 2) Participation: evidence.*

1. Mere presence at the commission of a trespass or other wrongful act does not render a person liable as a participator therein, even though he did not use active endeavors to prevent its commission. But any encouragement or aid given the principal actor, any concert of action in the execution of the unlawful design, will amount to a guilty participation.
2. The evidence in this case (stated in the opinion) is *held* sufficient to carry the case to the jury upon the question whether three of the defendants were not present encouraging, aiding, or exciting the other in the commission of an assault and battery.

APPEAL from the Circuit Court for *Washington* County. The complaint contains two counts, for two assaults and batteries committed on the same day — one at Peter Boden's, and the other at Henry Glantz's, in the village of West Bend. The defendant *Stroebel*, who was the principal actor,

made default. The other three defendants answered a general denial. The evidence given on the trial will sufficiently appear from the opinion. At the close of the plaintiff's testimony, a motion for a nonsuit was granted, and from the judgment entered accordingly the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Frisby & Weil*, and for the respondents on that of *O'Meara & Miller*.

CoLE, C. J. The counsel on both sides agree as to the correctness of the proposition that all concerned in an assault and battery are principals, and that one who incites another to commit such an offense is guilty and may be prosecuted as principal, although he did not otherwise participate in the wrongful act. In *Brown v. Perkins*, 1 Allen, 89, 98, BIGELOW, C. J., states the rule upon this subject as follows: "Any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same." 3 Greenl. on Ev., § 41; Whart. on Crim. Law, § 616; *Sikes v. Johnson*, 16 Mass., 389; *Frantz v. Lenhart*, 56 Pa. St., 365. But, as the learned judge in *Brown v. Perkins* remarks, it is to be borne in mind that mere presence at the commission of a trespass or other wrongful act does not render a person liable as a participator therein. If he is only a spectator, innocent of any unlawful intent, and does no act to countenance or approve those who are actors, he is not to be held liable on the ground that he happened to be a looker-on and did not

use active endeavors to prevent the commission of the un-lawful acts. *State v. Maloy*, 44 Iowa, 104; *State v. Jones*, 83 N. C., 605; *Lamb v. People*, 96 Ill., 73. But any encour-agement or aid given the principal actor, any concert of action in the execution of the unlawful design, will amount to a guilty participation in the trespass.

Now, is there any evidence in this case from which a jury would be justified in finding that the defendants *Gruber*, *Herman* and *Holrit*, encouraged or incited *Stroebel* to com-mit the assault and battery upon the plaintiff? We think there is. After *Stroebel* first struck the plaintiff at Boden's, the defendants were heard by Glantz talking about the plaintiff not far from his saloon. They came to Glantz's saloon together, and seemed to be acting in concert. Some of the defendants talked with the plaintiff about a horse trade, and tried to pick a quarrel with him. And when *Stroebel* rubbed his fist under plaintiff's nose, the defendant *Gruber* took off his coat and "wanted to go at" plaintiff, but was held back by Glantz. Then, when Glantz had taken *Stroebel* aside and requested him to let plaintiff alone, *Stroe-bel* addressed these defendants, saying: "Gentlemen, you keep still; Henry is right,"— showing that he had some au-thority over them. Soon, again, there was conversation about Catholics, when *Holrit* addressed the plaintiff and said he was a Catholic, and, though "a cripple, could lick him yet." These defendants watched *Stroebel* when he followed the plaintiff out of Glantz's saloon and again struck him. When Glantz himself was going out to prevent *Stroebel* from beating the plaintiff, *Herman* kept him back, told him he had no business to go out, and even struck him. These and other acts and words of the defendants might well author-ize the jury in finding that the defendants were acting in concert with *Stroebel;* that they were encouraging him in his assault upon the plaintiff; that they stood ready to assist him should any one interfere to prevent him from beating

the plaintiff.   Certainly these words and acts were sufficient to carry the case to the jury upon the question whether these three defendants were not present encouraging, aiding, or exciting *Stroebel* in the commission of the trespass complained of.   The nonsuit was therefore erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.