David L. WINSLOW and Wisconsin Physicians Service,
Plaintiffs-Appellants,

v.

Brian A. BROWN, Dennis D. Coldren, Michael G. Lee,
and Home Mutual Insurance Company,
Defendants-Respondents.†

Court of Appeals

*No. 84–209. Submitted on briefs May 20, 1985.—
Decided June 25, 1985.*
(Also reported 371 N.W.2d 417.)

† Petition to review denied.

328

For the appellants there were briefs by *Arthur, Miller, Grapsas, Crowe and Erlandson,* and *Gary A. Miller* of Madison.

For respondent Brian A. Brown there was a brief by *Curran, Curran & Hollenbeck, S.C., William T. Curran* and *John R. Orton* of Mauston.

For respondent Dennis D. Coldren there was a brief by *Joanis, Davis, Ablan & Joanis* and *Marvin H. Davis* of La Crosse.

For respondents Michael G. Lee and Home Mutual Insurance Company there was a brief by *Johns, Flaherty & Gillette, S.C.,* and *Brent P. Smith* of La Crosse.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.  David L. Winslow and Wisconsin Physicians Service (plaintiffs) appeal a summary judgment dismissing their personal injury claims against Brian A. Brown, Dennis D. Coldren, Michael G. Lee, and Home Mutual Insurance Company (defendants). The plaintiffs seek damages for injuries caused when the automobile in which the defendants were passengers struck Winslow. Winslow was riding a bicycle on a trail exclusively reserved for bicycle use. The plaintiffs allege that the defendants: (1) conspired with the driver of the automobile to operate on the bicycle trail; (2) aided and abetted the driver's tortious conduct; and (3) negligently failed to maintain a lookout for bicyclists. Because the parties' affidavits[1] do not allege or reasonably infer that the defendants encouraged, advised or assisted the driver of the automobile to operate on the bicycle trail, summary judgment on the conspiracy and aiding and abetting claims was appropriate. Because the affidavits do not allege or reasonably infer that the defendants were actively negli-

[1] Because we affirm the judgment on its merits, we do not address the defendants' claim that the plaintiffs' affidavit is defective.

gent, summary judgment on the negligence claim also was appropriate. We therefore affirm the judgment.

## CIVIL CONSPIRACY

A civil conspiracy is the combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish by unlawful means a purpose not in itself unlawful. *Onderdonk v. Lamb*, 79 Wis. 2d 241, 246, 255 N.W.2d 507, 509 (1977). The parties agree that operating an automobile on a bicycle trail constitutes an unlawful purpose. The defendants, however, contend that they did not encourage, advise or assist the driver of the automobile to operate on the bicycle trail and, therefore, they did not act in concert with the driver. The plaintiffs argue that the defendants acquiesced, submitted or tacitly assented to the illegal plan by knowingly riding in the automobile on the bicycle trail. The plaintiffs also argue that the defendants encouraged the illegal plan by agreeing to be passengers during the illegal trip.

We must determine the nature of participation in an illegal plan required to impose joint liability for acts done in furtherance of the plan. The parties' affidavits raise only an inference that the defendants knowingly agreed to be passengers in the automobile while operated on the bicycle trail. The affidavits do not allege or reasonably infer that the defendants advised or assisted the driver, or that they expressly encouraged him. Although their passenger status did not directly further the act of driving on the bicycle trail, we must determine whether their alleged willing accompaniment on the trip constituted concerted activity. We also must determine whether their willing accompaniment constituted actionable encouragement of the plan.

The mere knowledge, acquiescence or approval of a plan, without cooperation or agreement to cooperate, is not enough to make a person a party to a conspiracy. *American Security Benevolent Association, Inc. v. District Court,* 147 N.W.2d 55, 63 (Iowa 1966). There must be intentional participation in the transaction with a view to the furtherance of the common design. *Id.; see also* 15A C.J.S. *Conspiracy* § 2 at 602–03 (1967). Cooperation toward attainment of the illegal objective is necessary. *Augustine v. Anti-defamation League of B'nai B'rith,* 75 Wis. 2d 207, 216, 249 N.W.2d 547, 552 (1977). Here, the alleged willingness of the defendants to accompany the driver of the automobile on the illegal trip placed them at the scene of the accident, but it did not assist the execution of the plan. Their acquiescence by itself is insufficient to make them members of a conspiracy.

Our conclusion is supported by the rule that generally no duty exists to protect others from hazardous situations. *DeBauche v. Knott,* 69 Wis. 2d 119, 122–23, 230 N.W.2d 158, 160–61 (1975). Only when a special relationship exists between the parties does a duty to protect arise. *Lloyd v. S.S. Kresge Co.,* 85 Wis. 2d 296, 303, 270 N.W.2d 423, 426 (Ct. App. 1978). Because there is no general duty to intervene, mere presence at the commission of a tort, or the failure to object, is insufficient to constitute concerted action. *See* W. Prosser, Handbook of the Law of Torts § 46 at 292 (West 1971). No special relationship exists between these parties and, therefore, liability cannot be predicated on the alleged failure to interfere with the illegal plan.

No facts support the plaintiffs' allegation that the defendants intentionally encouraged operation of the automobile on the bicycle path. Encouragement or in-

citement constitute acts furthering an illegal plan. *Hilmes v. Stroebel,* 59 Wis. 74, 76, 17 N.W. 539, 539–40 (1883). The plaintiffs state in their affidavit only that the defendants knew about the illegal plan before they became passengers in the automobile. This allegation does not raise a reasonable inference that the defendants intentionally encouraged the illegal activity.

We acknowledge that a defendant's presence at the scene of a crime may support an inference of involvement in a conspiracy. *See State v. Charbarneau,* 82 Wis. 2d 644, 656, 264 N.W.2d 227, 233 (1978). In *Charbarneau,* however, the evidence indicated more than mere presence. It indicated interested cooperation, stimulation, and instigation. *Id.* Here, the plaintiffs base their claim of encouragement only on the willingness of the defendants to accompany the driver on the illegal trip. Mere presence and ambivalent conduct at the scene of the illegal conduct is insufficient to support liability. *See id.*

Finally, even if accompanying a driver on an illegal trip constitutes encouragement, liability should not be imposed as a matter of law solely on that basis. Whether liability should be imposed in a given situation is a question of law. *See Walker v. Bignell,* 100 Wis. 2d 256, 265, 301 N.W.2d 447, 453 (1981). One ground for denying recovery is that permitting recovery would enter a field that has no sensible or just stopping point. *Id.* Holding a passenger liable for the illegal acts of the driver merely because the passenger willingly accompanied the driver creates a basis of liability that knows no sensible stopping point.

Our conclusion is supported by the distinction consistently recognized by our supreme court between active and passive negligence in automobile accidents. Only active negligence constitutes a cause of an accident for which liability may be imposed on a passenger. *Del-*

*more v. American Family Mutual Insurance Co.*, 118 Wis. 2d 510, 518, 348 N.W.2d 151, 155 (1984). This limitation is based on the fact that a passenger is not held to the same degree of care with respect to lookout as a driver. *Id.* at 519–20, 348 N.W.2d at 156. The same principle applies to cases where a passenger is accused of failing to discourage a trip that allegedly creates a foreseeable risk of harm.[2] Liability is limited to active negligence, such as negligent entrustment. *See Bankert v. Threshermen's Mutual Insurance Co.*, 110 Wis. 2d 469, 476, 329 N.W.2d 150, 153 (1983). Negligent entrustment requires that the defendant have the right to control an automobile and that he then negligently permits another to control it. *Id.* at 477–78, 329 N.W. 2d at 153–54. The plaintiffs do not allege that these defendants had the right to control the automobile involved in this case.

We conclude that the circuit court properly granted summary judgment dismissing the conspiracy claim. Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Section 802.08(2), Stats. Because the parties' affidavits do not allege or reasonably infer that the defendants actively encouraged, advised, or assisted the illegal plan to drive an automobile on a bicycle trail, the defendants were entitled to judgment as a matter of law.

## AIDING AND ABETTING

The parties dispute whether Wisconsin recognizes liability for aiding and abetting a negligent act. The

---

[2] Liability for accidents caused by intoxicated minors also has been limited to active negligence causing the intoxication. *See Sorensen v. Jarvis*, 119 Wis. 2d 627, 645–46, 350 N.W.2d 108, 118 (1984); *Koback v. Crook*, 123 Wis. 2d 259, 366 N.W.2d 857 (1985).

plaintiffs contend that *Fredrickson v. Kabat,* 266 Wis. 442, 446–47, 63 N.W.2d 756, 758–59 (1954), expressly recognizes the concept of aiding and abetting a tort. The defendants contend that *Fredrickson* is limited to cases involving intentional torts. Although we conclude that a person may aid and abet a negligent tort, the elements of such liability need to be clarified before we can apply them to this case.

In *Fredrickson,* our supreme court stated that a bystander at the commission of an assault and battery was not a participant merely because he did not interfere. *Id.* at 446, 63 N.W.2d at 759. The court further stated, however, that presence at the commission of an assault and battery, without disapproving or opposing it, is evidence from which a jury may infer that a person assented or lent his countenance and approval to the assault and thereby aided and abetted it. *Id.* Although *Fredrickson* involved an intentional tort, the scope of the aiding and abetting theory is not limited to such torts. Aiding and abetting has been applied in criminal cases involving negligent conduct. In *State v. Asfoor,* 75 Wis. 2d 411, 428–29, 249 N.W.2d 529, 536–37 (1977), our supreme court stated that one may aid and abet an intentional act that is not intended to injure but that creates a foreseeable risk of injury. The same reasoning applies in a civil action for damages.

The elements of aiding and abetting in a civil action have not been addressed specifically in any Wisconsin appellate decision. *Fredrickson* and *Rhinehart v. Whitehead,* 64 Wis. 42, 45, 24 N.W. 401, 402 (1885), are among the few decisions applying the theory in a tort action. The plaintiffs construe these decisions to mean that mere approval or failure to disapprove of tortious conduct constitutes aiding and abetting.[3] Both cases

---

[3] In *Rhinehart v. Whitehead,* 64 Wis. 2d 42, 45, 24 N.W.2d 401, 402 (1885), our supreme court stated:

involved an assault and battery where the defendant's expressed approval indicated that he was willing to render aid. The actions of an aider and abettor are sufficient to impose criminal liability if they demonstrate readiness and williness to render aid. *Krueger v. State,* 84 Wis. 2d 272, 286, 267 N.W.2d 602, 609 (1978). *Fredrickson* and *Rhinehart* apparently applied the criminal law test of aiding and abetting to reach the conclusion that mere approval of the tortious conduct constituted aiding and abetting. We do not construe these decisions to mean that approval that does not demonstrate a willingness to render aid constitutes aiding and abetting.

Applying the criminal law test of aiding and abetting to a civil action is consistent with the test in the Restatement (Second) Law of Torts § 876(b) (1979). In a criminal case, the elements of aiding and abetting are: (1) The person undertakes conduct that as a matter of objective fact aids another person in the commission of a crime; and (2) the person consciously

---

As to the rule of liability where several persons unite in an act which constitutes a wrong to another, intending at the time to commit it, or doing it under circumstances which fairly show them to be joint tort-feasors, the court gave the law substantially as laid down in *Brown v. Perkins*, 1 Allen, 89, which was cited with approval by this court in *Hilmes v. Stroebel*, 59 Wis. 74. That is to say, the court instructed that "any person who is present at the commission of an assault, or an assault and battery, by one person upon another, encouraging or inciting the same by words, gestures, looks, or signs, or who in any manner or by any means countenances or approves the same, is in law deemed an aider and abettor, and liable as principal; and evidence that a person is present at the commission of an assault and battery, without disapproving or opposing it, is evidence from which, in connection with other circumstances, the jury may infer that he assented thereto, and lent to it his countenance and approval, and was thereby aiding and abetting the same. But it is to be borne in mind that mere presence at the commission of an assault and battery or other wrongful act done, does not render a person liable as a participator therein."

desires or intends that his conduct will yield such assistance. *Frankovis v. State,* 94 Wis. 2d 141, 149, 287 N.W.2d 791, 795 (1980). The Restatement defines an aider and abettor as one who "knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so conduct himself." Restatement (Second) Law of Torts § 876. The Restatement test is not substantially different from Wisconsin's test for criminal aiding and abetting. The "substantial assistance or encouragement" requirement is comparable to the "assistance as a matter of objective fact" requirement of the criminal law test.

We consider the criminal law test of aiding and abetting preferable to the Restatement formulation. It is a test with which lawyers and courts are familiar and it promotes consistency of language in describing similar concepts. We therefore conclude that a person is liable in a civil action for aiding and abetting if: (1) The person undertakes conduct that as a matter of objective fact aids another in the commission of an unlawful act; and (2) the person consciously desires or intends that his conduct will yield such assistance.

The circuit court properly granted summary judgment dismissing the aiding and abetting claim because there is no disputed issue of material fact and the defendants are entitled to judgment as a matter of law. Section 802.08(2), Stats. The plaintiffs' affidavit only raises an inference that the defendants knowingly agreed to accompany the driver of the automobile on the bicycle trail. This is insufficient to prove as a matter of objective fact that the defendants assisted the unlawful conduct. Mere presence, with no effort to prevent unlawful conduct, is not aiding and abetting unless an

intent to assist is communicated. *Harrington v. Collins,* 253 S.E.2d 288, 292 (N.C. Ct. App. 1979) ; *see also Cecil v. Hardin,* 575 S.W.2d 268, 272 (Tenn. 1978) (permitting an intoxicated person to drive his own car is not aiding and abetting). Unlike the assault and battery cases, where the defendant indicated an intent to assist, passively accompanying a driver on an unlawful trip does not raise an inference of a willingness to assist. The defendants therefore are entitled to judgment as a matter of law.

## NEGLIGENT LOOKOUT

The plaintiffs acknowledge the general rule that a passenger is not liable for negligent lookout unless he assumed that part of the driver's responsibilities prior to an accident. *See Hoeft v. Dutches,* 70 Wis. 2d 1022, 1037, 235 N.W.2d 918, 925 (1975). The plaintiffs argue, however, that driving on a bicycle trail is an ultrahazardous activity for which the law should impose a duty of lookout on passengers. We reject the plaintiffs' argument because it conditions the defendants' liability on the degree of risk created by the driver, without regard for the fault of the defendants. Liability based on this ground would impose a duty to protect third persons from injury. Because there is no duty to protect in the absence of a special relationship, *DeBauche,* 69 Wis. 2d at 122–23, 230 N.W.2d at 160–61, we refuse to impose a duty of lookout on passengers merely because the driver created a high degree of risk. The defendants therefore are not liable to the plaintiffs unless their active negligence constituted a cause of the accident. *Delmore,* 118 Wis. 2d at 523–24, 348 N.W.2d at 158.

Summary judgment dismissing the negligent lookout claim was proper because there is no disputed issue of material fact and the defendants are entitled to judgment as a matter of law. Section 802.08(2), Stats. The affidavits do not reasonably infer that the defendants assumed the driver's responsibility of lookout. The plaintiffs' affidavit alleges only that the reason for driving on the bicycle trail was to search for the driver's lost wallet. This allegation is insufficient to infer that the defendants agreed to be responsible for the safe operation of the automobile. The duty of lookout is constant when assumed, while the agreement to look for the wallet could be abandoned at will. The alleged agreement to look for the wallet, therefore, does not imply an agreement to assume lookout responsibility. Because the affidavits do not reasonably infer active negligence by the defendant passengers, the defendants are entitled to judgment as a matter of law.

*By the Court.*—Judgment affirmed.