949 F.2d 398
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John R. MARTINEZ, Petitioner/Appellant,
v.
Gary McCAUGHTRY, Respondent/Appellee.
 No. 90-1662.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Dec. 10, 1991.
 
 Before CUMMINGS, WOOD, Jr. and CUDAHY, Circuit Judges.
 
 ORDER
 
 1
 John Martinez appeals the district court's denial of his habeas petition. 28 U.S.C. § 2254. John was convicted in state court of being a party to the crimes of attempted murder and endangering safety by conduct regardless of life. He appealed to the Wisconsin Supreme Court, but the convictions were affirmed. State v. (John) Martinez, 150 Wis.2d 47, 441 N.W.2d 690 (1989). In his habeas petition to the district court John claimed there was insufficient evidence to convict him, but the court disagreed. We now consider the propriety of that decision.
 
 ANALYSIS
 
 2
 The facts in this case have been fully explicated in the state and district court orders, and require only a brief discussion here. On February 6, 1986, John Martinez and his brother Jose went to a bar in Racine, Wisconsin. John's argument with an off-duty bouncer, David Quiroz, escalated into a fight, which soon moved outside of the bar. Outside, John made several threats[1] against Quiroz, who responded by punching him. While this went on, bystanders restrained John's brother Jose. John then made a motion toward his coat, as if he were reaching for a gun. Seeing this, the bystanders released Jose and attempted to restrain John, at which point Jose pulled a gun and shot Quiroz, also wounding a bystander. Immediately after the shooting, John tried to help Jose get rid of the gun.
 
 
 3
 On appeal, John maintains his argument that the evidence was insufficient to convict him. The test we apply to sufficiency of the evidence claims in habeas cases under § 2254 is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original); United States v. McNeese, 901 F.2d 585, 600 (7th Cir.1990). The essential elements of aiding and abetting under Wisconsin law are: (1) verbal or overt conduct[2] which as a matter of objective fact aids another person in the commission of a crime, and (2) a conscious desire or intent that the conduct will provide such assistance. State v. Zelenka, 130 Wis.2d 34, 387 N.W.2d 55 (1986); State v. Ivy, 119 Wis.2d 591, 350 N.W.2d 622 (1984).
 
 
 4
 John argues that no rational trier of fact could have found these elements existed beyond a reasonable doubt, as (1) John's threats and motion toward his coat could not have aided Jose in fact, because Jose gave uncontradicted testimony that he did not hear the threats or see the motion, and (2) there was no proof that he had the intent to aid Jose, as Jose testified that John did not know Jose had a gun, and so John's motion could not have been a "signal" to Jose or an effort to distract those restraining him.[3]
 
 
 5
 Neither of these arguments is convincing. Many witnesses at the scene testified that they heard John's threats and saw his motion. Jose was standing close to John and observed the fight. The jury could reasonably have disbelieved Jose's testimony as an interested witness, finding that he did, in fact, know that John was ready and willing to help him.
 
 
 6
 Similarly, the jury was entitled to discredit Jose's testimony that John did not know he had a gun. Jose testified that he regularly carried a gun for protection when he went to bars like the one in this case. Further, the brothers were very close, had lived together for several months, and had been together all evening. We cannot conclude that no reasonable jury could have convicted John. Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 According to witnesses, John said, "don't make me do this to you," "you're a dead man," "Quiroz, you fucked up," and "we know where you live."
 
 
 [2]
 This can include being ready and willing to aid in the commission of a crime, if the perpetrator knows of this willingness. Winslow v. Brown, 125 Wis.2d 327, 371 N.W.2d 417 (1984); Wisconsin v. Charbarneau, 82 Wis.2d 644, 264 N.W.2d 227 (1978)
 
 
 [3]
 John makes two other minor arguments. First, he asserts that the jury was confused as it apparently believed that John knew Jose had a gun, yet it refused to convict John on a weapons charge. He cites no authority for the proposition that a jury's verdicts must be entirely consistent, however, and we are not convinced that no rational jury could have decided the case in the same way
 Second, John claims that the state used his attempt to help Jose dispose of the gun as proof of the objective element of aiding and abetting. John argues that this cannot be used to prove an aiding and abetting charge, as Jose had already shot Quiroz, and so his could only be guilty of harboring or aiding a felon. Even so, the jury could reasonably have found that John's threats and motion communicated his willingness to assist Jose, rendering him liable for aiding and abetting.