Anthony C. ROCKWEIT, a minor, by Jerald P. Donohue, his guardian ad litem, Plaintiffs-Appellants-Cross Respondents,

UNITED WISCONSIN PROSERVICES, INC., Plaintiff,

v.

William SENECAL, d/b/a Evergreen Campgrounds, Truck Insurance Exchange and Keith Rockweit, Defendants,

Mary ROCKWEIT, Defendant-Respondent,

Ann TYNAN and Wisconsin Farmers Mutual Insurance Group, Defendants-Third Party Plaintiffs-Respondents-Cross Appellants,†

Christine Rockweit, Third Party Defendant.

Court of Appeals

*No. 93–1130. Submitted on briefs December 1, 1993.—Decided August 24, 1994.*

(Also reported in 522 N.W.2d 575.)

†Petition to review granted.

170

173

174

On behalf of the plaintiffs-appellants-cross respondents, the cause was submitted on the briefs of *Jerald P. Donohue* of *Donohue, Sharpe & Casper, S.C.* of Fond du Lac.

On behalf of the defendant-respondent, the cause was submitted on the brief of Mary Rockweit, pro se.

On behalf of the defendants-third party plaintiffs-respondents-cross appellants, the cause was submitted on the briefs of *David J. Colwin* and *Thomas A. Lorenson* of *Colwin & English, S.C.* of Fond du Lac.

Before Anderson, P.J., Brown and Snyder, JJ.

SNYDER, J.   This is a personal injury case where Anthony C. Rockweit, by his guardian ad litem, appeals from a judgment dismissing his negligence claim against Ann Tynan and Mary Rockweit. Anthony alleged that Tynan and Rockweit were negligent in failing to extinguish hot embers from a campfire contained in a fire pit which he subsequently fell into, causing severe injuries. Anthony argues that the trial court erred in applying the open and obvious danger defense as a bar to his negligence claim. We agree; therefore, we reverse that portion of the judgment dismissing Anthony's negligence claim against Tynan and Rockweit.

Tynan and Rockweit cross-appeal on the grounds that the dismissal of Anthony's negligence claim was appropriate regardless of the applicability of the open and obvious danger defense because they were not negligent as a matter of law. The trial court rejected this argument during motions after verdict. In the alternative, they argue that there was insufficient evidence for the jury to have found them causally negligent. Because we conclude that Tynan and Rockweit owed a common law duty to Anthony and there was sufficient credible evidence for the jury to conclude that Tynan and Rockweit were negligent in failing to extinguish the campfire, we affirm the trial court's denial of Tynan and Rockweit's motions after verdict.

## I.  FACTS

The following facts are undisputed. Anthony Rockweit was eighteen months old when he sustained injuries after falling into a fire pit containing hot embers at Evergreen Campgrounds, which was owned

and operated by William Senecal. Anthony's father and mother, Keith and Christine Rockweit, and various extended family members and friends were part of a large group of weekend campers sharing a group of sites at Evergreen. Tynan and her family, neighbors of Keith's brother, Kurt, also joined the group, although their campsite was located a short distance from the larger group.

All of the campers except the Keith Rockweit family arrived at Evergreen on Friday evening, June 24, 1988. Upon arriving, the families selected one of the fire pits among the various campsites to be what they termed a "communal fire pit." Since the fire pit was used as a central gathering place available to all of the campers, no single person exercised exclusive control over it and any of the campers were free to tend the fire or add wood to it.

When the Keith Rockweit family arrived on Saturday afternoon, they shared a site with another family and pitched their tent approximately fifteen to twenty feet from the communal fire pit. A fire was already lit by the time they arrived, and it remained burning the rest of the day and night.

At some point between 7:00 and 8:00 p.m. on Saturday night, Tynan joined the Rockweit group to sit around the campfire. By 4:00 a.m. on Sunday, all of the campers had gone to bed except for Tynan, Mary Rockweit and Keith Rockweit, who were admittedly intoxicated by that time. Around 4:00 a.m., Keith announced that he was going to bed, and Tynan and Rockweit left at virtually the same time. By that time, the fire in the pit was reduced to smoldering embers.[1]

---

[1] The testimony among the three principals regarding the state of the embers is conflicting. Keith testified that the embers were still glowing when he left the fire pit; Mary stated that she

Although water and a bucket were available nearby, none of the three discussed using water or any other means to extinguish what was left of the campfire.

At approximately 9:00 a.m. on Sunday, Christine awoke with Anthony and left their tent. Christine walked toward a cooler on the opposite side of the fire pit, with Anthony slightly behind her. Anthony then fell into the fire pit, causing severe burns.[2] The fire pit was circular and built into the ground so that its rim was flush to the ground. There were no rocks or other barriers around the fire pit for protection.

Anthony, through his guardian ad litem, initiated a personal injury suit against Evergreen Campgrounds and its insurer Truck Insurance Exchange, Keith Rockweit, Mary Rockweit, and Tynan and her insurer, Wisconsin Farmers Mutual Insurance Group. Tynan and Wisconsin Farmers impleaded Christine, Anthony's mother, as a third-party defendant.

Prior to trial, Anthony settled his claims against Evergreen and its insurer, for maintaining an unsafe fire pit, by way of a *Pierringer*[3] release in the amount of $50,000. On January 15, 1993, a twelve-person jury returned a verdict finding all of the defendants caus-ally negligent, apportioning liability as follows:

---

could not recall whether the embers were glowing; and Tynan testified that the embers were not glowing but were gray and smoldering.

[2] Anthony suffered second- and third-degree burns on both hands and on his right foot. Immediately following the accident, he was hospitalized for twenty-six days. Since then he has been hospitalized on several occasions and has had numerous skin grafts.

[3] See *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106 (1963).

| | |
|---|---:|
| William Senecal, | |
| d/b/a/ Evergreen Campgrounds | 16% |
| Keith Rockweit | 36% |
| Christine Rockweit | 35% |
| Ann Tynan | 7% |
| Mary Rockweit | 6% |
| | 100% |

The jury also found that the fire pit constituted an open and obvious danger at the time of the accident.

Tynan and Rockweit filed the following postverdict motions: (1) motion for directed verdict, (2) motion for judgment notwithstanding the verdict, and (3) motion to change the answers to the special verdict questions finding them negligent, on the ground that there was insufficient evidence to sustain the answers. *See* § 805.14(5)(b)-(d), STATS. Tynan and Rockweit requested a directed verdict on the ground that neither Wisconsin common law nor statutory law imposed any duty to extinguish the embers in the fire pit. The trial court concluded that although there was no common law duty, such a duty existed under § 895.525, STATS., and therefore Anthony could sustain an action in negligence. The trial court also denied their motions for judgment notwithstanding the verdict and to change the special verdict questions related to negligence.

Tynan and Rockweit also requested a directed verdict dismissing Anthony's negligence claim based upon the jury's finding that the fire pit constituted an open and obvious danger. After some confusion, the trial court dismissed the case against Tynan and Rockweit on the ground that the jury's open and obvious danger

finding barred Anthony's negligence claim.[4] Anthony appeals from that portion of the trial court's judgment dismissing his claims against Tynan, Wisconsin Farmers and Rockweit.

Tynan and Rockweit's cross-appeal is based on the trial court's denial of their motions after verdict. They contend that the dismissal of Anthony's claims is appropriate regardless of the application of the open and obvious defense because they were not negligent as a matter of law, either common law or § 895.525, STATS. In the alternative, they seek a new trial on liability based on the trial court's refusal to grant their requested jury instruction pertaining to the open and obvious danger defense.

## II. APPEAL

On appeal, Anthony argues that the trial court erroneously entered judgment dismissing his case against Tynan, her insurer Wisconsin Farmers and Mary Rockweit ("Tynan").[5] Anthony contends that the open and obvious danger defense cannot be used to bar

---

[4] The record indicates that there was confusion over which motion the trial court was granting. Initially, the court stated that it was granting "judgment notwithstanding the verdict to defendant Tynan and Rockweit under the open and obvious danger defense." Tynan's counsel then stated that they were in fact requesting a judgment on the jury's verdict of open and obvious danger dismissing Anthony's case. The trial court agreed and dismissed the case against Tynan and Rockweit. The court applied the defense to Tynan and Rockweit because they were the only defendants who raised it.

[5] On appeal, Rockweit appears pro se and filed a brief adopting and incorporating Tynan and Wisconsin Farmers' arguments as her own. Unless otherwise noted, our references to "Tynan" also apply to Rockweit.

his negligence action because an infant minor is incapable of negligence under § 891.44, STATS. We agree.

■

Because the facts underpinning the open and obvious danger defense are undisputed, the issue is whether the trial court properly applied the defense in light of § 891.44, STATS. Whether undisputed facts give rise to a legal defense and whether a particular statute applies to undisputed facts are questions of law that we review de novo. *See Bantz v. Montgomery Estates, Inc.*, 163 Wis. 2d 973, 978, 473 N.W.2d 506, 508 (Ct. App. 1991) (whether facts fulfill a particular legal standard is a question of law); *see also Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 560, 514 N.W.2d 399, 403 (1994) (application of law or statute to a set of undisputed facts is resolved as a matter of law).

The issue of whether the open and obvious danger defense acts as a bar to Anthony's negligence claim was addressed by the trial court in arguments over the proposed jury instructions. Despite Anthony's objection, the court ruled that an open and obvious danger instruction was appropriate in this case, but only to reflect the responsibility of Anthony's mother because the court did not believe it could bar Anthony's negligence claim.[6] Curiously, the court reversed its position

---

[6] The trial court reasoned that:

The court will permit the question to be put on the verdict, but the court agrees that the instruction has to be modified. And the court further agrees with [Anthony] that, absent case law, I don't see how it can operate as a bar to [his claim]. However, I think the question on the verdict should still stand, and the instruction should be given with it modified to reflect the parental responsibility here of the mother.

The open and obvious danger instruction ultimately given stated:

in granting Tynan's motion after verdict and ruled that the jury's finding that the fire pit constituted an open and obvious danger to Anthony's mother barred Anthony's cause of action. We conclude that the trial court erred in doing so.

At the outset, we recognize that Wisconsin courts have applied the open and obvious danger doctrine in two distinct situations, which has caused considerable confusion. *Hertelendy v. Agway Ins. Co.*, 177 Wis. 2d 329, 334, 501 N.W.2d 903, 906 (Ct. App. 1993). First, if a plaintiff knowingly confronts an open and obvious danger and the parties stand in the relationship of landowner-invitee or manufacturer-consumer, the landowner or manufacturer is absolved of any duty to warn the plaintiff of danger. *Id.* at 335-36, 501 N.W.2d at 906. The second situation involves the application of the open and obvious danger doctrine in ordinary negligence cases; namely, those not involving a special legal relationship. In such cases, the open and obvious danger doctrine involves nothing more than the determination, within the context of comparative negligence, that the plaintiff's negligence exceeds another's as a matter of law, precluding recovery. *Id.* at

Question No. 11 of the Special Verdict asks whether the fire pit in the campsite was an open and obvious danger. An open and obvious danger is an activity or condition which would be recognized by a reasonable person in the position of Christine K. Rockweit as a danger of the plaintiff, Anthony C. Rockweit. This question asks whether a reasonable person in the position of Christine K. Rockweit would have recognized the fire pit as an open and obvious danger to the plaintiff, Anthony C. Rockweit. In order for the danger to be open and obvious, it is not necessary to find that Christine K. Rockweit actually recognized the danger or that she recognized and appreciated the gravity of harm threatened by the open and obvious danger, but whether a reasonable person in her position would have recognized the danger.

338-39, 501 N.W.2d at 907-08. We conclude that neither application of the open and obvious danger doctrine bars Anthony's negligence action here.

■

The open and obvious danger doctrine is based on the recognition that landowners are immune from liability for injuries caused to invitees by conditions that present obvious dangers because invitees are expected to protect themselves from obvious dangers. *Id.* at 334-35, 501 N.W.2d at 906. In other words, the open and obvious danger defense may apply where the danger is so open and obvious that the landowner has no duty to warn or otherwise protect the invitee. *Id.* at 335, 501 N.W.2d at 906. This meaning of the open and obvious danger doctrine—that the defendant owes no duty to the plaintiff—is limited to those situations involving a landowner's duty to invitees or other special legal relationships, such as the manufacturer-consumer relationship. *Id.* at 336, 501 N.W.2d at 906; *see also Griebler v. Doughboy Recreational, Inc.*, 160 Wis. 2d 547, 466 N.W.2d 897 (1991).

■

Tynan argues that because she owed no duty to Anthony, the open and obvious danger defense acts as a total bar to Anthony's recovery. We disagree. Tynan mistakenly equates the circumstances in this negligence case with the cases involving special types of legal relationships. Wisconsin courts have repeatedly refused to apply the open and obvious danger doctrine to absolve defendants of any duty to plaintiffs where the landowner-invitee or manufacturer-consumer relationship was absent. *Hertelendy*, 177 Wis. 2d at 337, 501 N.W.2d at 907. "[T]he determination that a party has no duty to the other is a narrow exception to the broader Wisconsin rule that all persons have the duty

183

to conduct themselves in a manner that will not harm or endanger others." *Id.*

In this case, neither Tynan nor Rockweit was an owner or possessor of the land. All of the campers, including Anthony, had the same relationship to one another—they were all a loosely connected group of campers sharing a communal fire pit. The existence of two different classes of individuals—an owner or possessor and an invitee—is absent in this case. Accordingly, the open and obvious danger defense is inapplicable in the first instance.

■

The second application of the open and obvious danger doctrine is within the context of ordinary negligence cases such as the present case. Wisconsin courts have recognized that in ordinary negligence cases, the open and obvious danger rule is not an absolute defense. *Kloes v. Eau Claire Cavalier Baseball Ass'n, Inc.*, 170 Wis. 2d 77, 86-87, 487 N.W.2d 77, 81 (Ct. App. 1992); *Wisnicky v. Fox Hills Inn & Country Club, Inc.*, 163 Wis. 2d 1023, 1024, 473 N.W.2d 523, 524 (Ct. App. 1991). Instead, it is a weighing of negligence as a matter of law and its application bars the plaintiff's recovery under the contributory negligence statute, § 895.045, STATS. *Kloes,* 170 Wis. 2d at 86-87, 487 N.W.2d at 81.

Anthony argues that the open and obvious danger doctrine cannot bar his negligence claim in this case because he cannot be negligent as a matter of law. We agree. According to § 891.44, STATS., a minor under the age of seven is "incapable of being guilty of contributory negligence or of any negligence whatsoever." Anthony was eighteen months old at the time of the incident and therefore cannot be negligent as a matter of law. Because the open and obvious danger defense involves

a weighing of negligence and Anthony cannot be negligent, the open and obvious danger doctrine does not act to bar Anthony's negligence claim.

We addressed a similar argument in *Shannon v. Shannon*, 145 Wis. 2d 763, 429 N.W.2d 525 (Ct. App. 1988), *aff'd in part, rev'd in part on other grounds*, 150 Wis. 2d 434, 442 N.W.2d 25 (1989). In *Shannon*, a three-year-old child suffered severe injuries after falling into a lake. The child had been on the defendants' premises and was later discovered unconscious in the lake near their pier. *Id.* at 766, 429 N.W.2d at 527. In dismissing the defendants' argument that the open and obvious danger barred recovery, we concluded that

> the [defendants'] argument that the lake presented an open and obvious danger, relieving them of liability, is without merit.. . . A three-year old child cannot be "reasonably expected to discover" the dangers associated with a lake. *See* Sec. 891.44, Stats. (a child under the age of seven cannot be found guilty of negligence).

*Id.* at 773, 429 N.W.2d at 530. Likewise, an eighteen-month-old toddler such as Anthony cannot be "reasonably expected to discover" the dangers associated with smoldering embers in a campground fire pit. *See id.* Tynan's argument that the fire pit presented an open and obvious danger to Anthony, thereby relieving her of liability, is without merit.

In short, the trial court's ruling appears to confuse the application of the open and obvious danger defense in landowner-invitee cases with its application in ordinary negligence cases. As we stated in *Hertelendy*, in ordinary negligence cases liability issues should be resolved by comparing the parties' conduct and appor-

tioning negligence among them, not by absolving the defendant of any duty to the plaintiff. *Hertelendy*, 177 Wis. 2d at 339, 501 N.W.2d at 908. Because Anthony cannot be negligent as a matter of law pursuant to § 891.44, STATS., we conclude that the trial court erred in applying the open and obvious danger defense to dismiss Anthony's negligence claim.

We now must turn to the broader issue of whether Anthony may sustain a negligence cause of action generally. Anthony argues that the trial court erred in dismissing his common law negligence claim during motions after verdict. In her cross-appeal, Tynan argues that the trial court erred in ruling that Anthony could maintain a negligence action under § 895.525, STATS. Because the issues overlap, we will address the entire question of negligence within the context of Tynan's cross-appeal.

## III. CROSS-APPEAL

Tynan filed a protective cross-appeal in the event that we conclude, as we have, that the open and obvious danger defense does not apply to bar Anthony's negligence claim. Tynan's cross-appeal is based on the trial court's denial of her motions after verdict. Tynan requested a directed verdict on the grounds that regardless of the applicability of the open and obvious danger defense, she owed no duty to Anthony and therefore was not negligent as a matter of law. The trial court agreed that Tynan owed no duty under common law, but concluded that such a duty existed under § 895.525, STATS.

## A. Standard of Review

The existence of negligence is a mixed question of law and fact. *Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 732, 275 N.W.2d 660, 665 (1979). Generally, whether an individual is negligent is a question of fact to be decided by the jury. *Ceplina v. South Milwaukee Sch. Bd.*, 73 Wis. 2d 338, 342, 243 N.W.2d 183, 185 (1976). However, the existence and scope of a duty of care—one element of a negligence claim—is a question of law for the court. *Olson v. Ratzel*, 89 Wis. 2d 227, 251, 278 N.W.2d 238, 249 (Ct. App. 1979). A closely related question of law that the court may decide in rare instances is whether a defendant is not negligent as a matter of law. *Id.* at 251-52, 278 N.W.2d at 250. In order to do so, however, the court must be able to say that no properly instructed, reasonable jury could find, based on the facts presented, that the defendants failed to exercise ordinary care. *Ceplina*, 73 Wis. 2d at 342, 243 N.W.2d at 185. We independently review the trial court's legal determinations. *American Family Mut. Ins. Co. v. Powell*, 169 Wis. 2d 605, 608, 486 N.W.2d 537, 538 (Ct. App. 1992).

## B. Common Law Negligence

### 1. Duty

In order to sustain a cause of action for negligence, there must first be a duty of care on the part of the defendant. *Coffey v. City of Milwaukee*, 74 Wis. 2d 526, 531, 247 N.W.2d 132, 135 (1976). Therefore, the first question imposed upon a court is to determine the duty placed on the defendant by the facts alleged. *Id.* at 535, 247 N.W.2d at 137. The trial court concluded that

Tynan had no common law duty "by nature of the property rights" involved because Tynan "did not occupy or possess [the] site." We disagree with the trial court's characterization of Tynan's common law duty.

Wisconsin has long rejected a narrow concept of duty. *A.E. Inv. Corp. v. Link Builders, Inc.*, 62 Wis. 2d 479, 483, 214 N.W.2d 764, 766 (1974). The concept of duty as it relates to negligence is inexorably interwoven with foreseeability. *Coffey*, 74 Wis. 2d at 537, 247 N.W.2d at 138. The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others even though the nature of that harm and the identity of the harmed person are unknown at the time of the act. *A.E. Investment*, 62 Wis. 2d at 483, 214 N.W.2d at 766.

The trial court's emphasis on whether Tynan owned or possessed the campsite is misplaced. Tynan's duty in this case is not dictated by her relationship to the property. Rather, the appropriate question in this case is whether Tynan's failure to extinguish the campfire was an act or omission that would foreseeably cause harm to someone. *See id.* We conclude that it was. The campfire was burning throughout the day on Saturday until 4:00 a.m. the next morning. Tynan was present at the fire for at least eight hours and she was one of the three persons last to leave the fire pit. The fire pit was flush to the ground without a barrier surrounding it. Several small children were camping near the fire pit. Given these facts known to Tynan, we conclude that it was foreseeable that the embers from the campfire would remain hot until the next morning and foreseeable that someone might be harmed as a result of her failure to extinguish the fire. Accordingly, we

conclude that Tynan had a common law duty to Anthony.

Tynan argues that she had no duty to extinguish the fire because Wisconsin law does not impose a duty on a person to protect others from the risk of injury or from hazardous situations. *See DeBauche v. Knott*, 69 Wis. 2d 119, 122-23, 230 N.W.2d 158, 160 (1975); *see also Winslow v. Brown*, 125 Wis. 2d 327, 331, 371 N.W.2d 417, 420 (Ct. App. 1985). Therefore, she contends that she cannot be liable for failing to take steps to protect Anthony from the fire pit. While we agree that Tynan did not have a duty to protect Anthony from a hazardous situation, the circumstances here do not encompass intervention or the prevention of harm. We disagree with Tynan's characterization that her conduct merely constituted inaction or failure to take steps to protect Anthony for which she is not liable.

The distinction between action and inaction—"misfeasance and nonfeasance"—in the determination of the existence of duty has long been examined in the common law of negligence. W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS, § 56, at 373 (5th ed. 1984). "Misfeasance" refers to active misconduct working positive injury to others while "nonfeasance" refers to passive inaction or a failure to take steps to protect them from harm. *Id.* The rationale behind imposing liability for misfeasance and not nonfeasance is "the fact that by 'misfeasance' the defendant has created a new risk of harm to the plaintiff, while by 'nonfeasance' he has at least made his situation no worse, and has merely failed to benefit him by interfering in his affairs." *Id.*

Even though Tynan characterizes her failure to extinguish the fire as passive inaction, "[i]t is clear that

it is not always a matter of action or inaction as to the particular act or omission which has caused the plaintiff's damage." *Id.* at 374. For example:

> Failure to blow a whistle or to shut off steam, although in itself inaction, is readily treated as negligent operation of a train, which is affirmative misconduct; an omission to repair a gas pipe is regarded as negligent distribution of gas; and failure to supply heat for a building can easily become mismanagement of a boiler.

*Id.* (footnotes omitted). Similarly, failing to extinguish hot embers in a fire pit may be considered negligent management or control of a fire. Here, we consider Tynan's failure to extinguish the fire to be an affirmative act because it created a new risk of harm to those campers around the fire pit. The duty owed by Tynan was the duty not to harm anyone by affirmative acts or omissions. Her affirmative act of leaving hot embers in the fire pit created the dangerous situation which could foreseeably cause harm to someone.

Tynan also argues that mere presence at the commission of a tort, or the failure to object, is insufficient to constitute negligent action. *See McNeese v. Pier*, 174 Wis. 2d 624, 632, 497 N.W.2d 124, 127 (1993); *see also Winslow*, 125 Wis. 2d at 331, 371 N.W.2d at 420. Tynan asserts that because she did not start the fire, cook on the fire, maintain or tend the fire, she was simply a social invitee and her mere presence around the fire cannot create a duty. We disagree.

Tynan's focus on the maintenance of the fire is misplaced. When done with appropriate precautions, starting and maintaining a campfire is not inherently dangerous. The conduct in question is leaving hot embers unattended and not extinguished. Tynan,

Rockweit and Keith were the three persons directly involved with this decision or failure to act because they were the last to leave the fire. Any one of these three had the opportunity to extinguish the hot embers with water, but failed to do so.[7]

In sum, the relevant inquiry is whether the defendants' conduct of failing to extinguish hot embers in a fire pit that is level to the ground, within hours of children playing in the area, would foreseeably subject Anthony to an unreasonable risk of injury. We conclude that under the circumstances the risk of injury was foreseeable; therefore, a common law duty existed.

## 2. Negligence

Our conclusion that Tynan owed a duty to Anthony under the facts of this case does not mean that Tynan was negligent. Negligence consists of failing to use that

---

[7] Tynan contends that this case is analogous to *McNeese v. Pier*, 174 Wis. 2d 624, 497 N.W.2d 124 (1993), a case in which a driver was held not negligent after she parked her car in a driveway in order to pick up children for school and one of the children was injured by a vehicle when crossing the street to reach the car. In that case the court deemed it significant that the driver was following the same routine she followed every day and that she did nothing out of the ordinary. *Id.* at 634, 497 N.W.2d at 128. The court held that the driver did not breach her duty of ordinary care simply by being present at the time of the accident. *Id.* at 632, 497 N.W.2d at 127. Likewise, Tynan argues that she cannot be negligent because she was merely present at the fire pit. We disagree. In *McNeese*, the court recognized that there was no evidence that the driver acted or failed to act at a time when it was reasonably foreseeable that doing so would subject the child to an unreasonable risk of injury. As we have stated, that is not the case here.

degree of ordinary care which would be exercised by "the great mass of mankind" under the same or similar circumstances. Wis J I—Civil 1005.

> A person fails to exercise ordinary care, when, without intending to do any harm, he or she does something or fails to do something under circumstances in which a reasonable person would foresee that by his or her action or failure to act, he or she will subject a person . . . to an unreasonable risk of injury. . ..

*Id.*

We recall here our statement that negligence is ordinarily a question for the jury. *Ceplina*, 73 Wis. 2d at 342, 243 N.W.2d at 185. The jury in this case found that Tynan and Rockweit were negligent in failing to extinguish the embers remaining in the fire pit from the campfire. We must uphold a jury's finding of negligence if there is any credible evidence which, under any reasonable view, supports the verdict. *McNeese*, 174 Wis. 2d at 630, 497 N.W.2d at 126-27. Credible evidence exists "if there is evidence which 'when reasonably viewed, fairly admits an inference supporting the jury's findings.' " *Id.* at 630, 497 N.W.2d at 127 (quoting *Leatherman v. Garza*, 39 Wis. 2d 378, 386, 159 N.W.2d 18, 23 (1968)). Based upon our review of the record, we conclude that credible evidence exists to support the jury's finding that Tynan was negligent in that she breached her duty to act with reasonable care.

Tynan repeatedly attempts to posture herself as a "mere spectator" and a "social guest" of the Rockweit group who simply stopped by on the night in question. The record reveals that Tynan was more than a mere passerby. Tynan's campsite registration was marked

"Rockweit" on the top. Tynan and her family spent some of the day on Saturday with various members of the Rockweit group, and at one point during the day on Saturday, Tynan was present at the group campsite where the fire was already lit. It is undisputed that both Tynan and Rockweit sat around the campfire for an extended period of time on Saturday night until 4:00 a.m. the following morning.

Further, Tynan and Rockweit both testified that they knew that campfires were dangerous and that a fire not extinguished at night could well contain hot embers in the morning. Tynan testified that she was an experienced camper and knew that campfires are supposed to be extinguished for safety reasons before going to bed. Rockweit also testified that she knew of the dangers of allowing an unattended fire to burn down to smoldering embers. Both women also were well aware that a number of young children were in the Rockweit camping group and that it would be easy for a child to fall into a fire pit flush with the ground. Additionally, Rockweit testified that she did not consider the campfire to be Keith's responsibility and Tynan testified that although she did not know whose campfire it was, she had no expectation that anyone else would put out the fire. Both women testified that they could have put out the fire had they chosen to do so.

In sum, we conclude that the question of whether Tynan's action constituted negligence was properly for the jury to decide. *See Vlasak v. Gifford*, 248 Wis. 328, 332, 21 N.W.2d 648, 649 (1946) (the question of whether proper precautions were taken when defendant left fire he thought was out is inescapably a jury question). We further conclude that credible evidence supports the jury's conclusion that Tynan and

Rockweit breached their duty to act with reasonable care. Accordingly, we hold that the trial court erred in dismissing Anthony's common law negligence claim as a matter of law during motions after verdict. We cannot say that no properly instructed, reasonable jury could find, based on the facts presented, that the defendants failed to exercise ordinary care. *See Ceplina*, 73 Wis. 2d at 342, 243 N.W.2d at 185.

## C. *Section 895.525, STATS.*

As an alternative basis for relief, Anthony alleged that Tynan violated her duty under § 895.525, STATS., the "participation in recreational activities" statute. The trial court agreed, concluding that although there was no common law duty, § 895.525 went "beyond the common law" and imposed a duty on Tynan. Because we conclude that Tynan had a duty under common law, we need not address the parties' extensive arguments regarding the applicability of § 895.525. However, we deem it necessary to state our disagreement with the trial court's interpretation that § 895.525 goes beyond the common law to impose a greater duty on individuals.

Section 895.525, STATS., states in relevant part:

(4) RESPONSIBILITIES OF PARTICIPANTS. (a) A participant in a recreational activity engaged in on premises owned or leased by a person who offers facilities to the general public for participation in recreational activities is responsible to do all of the following:

1. Act within the limits of his or her ability.

2. Heed all warnings regarding participation in the recreational activity.

3. Maintain control of his or her person and the equipment, devices or animals the person is

using while participating in the recreational activity.

    4.   *Refrain from acting in any manner that may cause or contribute to injury to himself or herself or to other persons while participating in the recreational activity.*

    (b)  A violation of this subsection constitutes negligence. The comparative negligence provisions of s. 895.045 apply to negligence under this subsection. [Emphasis added.]

The trial court concluded in motions after verdict that Tynan was negligent because she violated subsec. (4)(a)4 in that she failed to refrain from activity in a manner that may contribute to injury to other persons while participating in a recreational activity (camping).[8]

    We conclude that the responsibilities of participants in recreational activities set forth in § 895.525(4), STATS., imposes no greater duty on an individual than that which exists under common law. In particular, subsec. (4)(a)4 merely codifies a person's duty under common law to "refrain from any act which will cause foreseeable harm to others." *See A.E. Investment*, 62 Wis. 2d at 483, 214 N.W.2d at 766. According to the language of the statute itself, the intent of the legislature in enacting it was "to decrease uncertainty regarding the legal responsibility for injuries that result from participation in recreational activities." Section 895.525(1). Further, legislative history indicates that the intent of the statute was merely to "codify current law and [make] it clearer to layper-

---

[8] Ultimately, the trial court entered judgment dismissing Anthony's negligence claim based on its finding that the open and obvious danger defense barred Anthony's recovery.

sons." WISCONSIN LEGISLATIVE COUNCIL, SPECIAL COMMITTEE ON LIABILITY LAW, SUMMARY OF PROCEEDINGS, at 9 (April 23, 1987).

Accordingly, we conclude that the trial court erred in determining that § 895.525, STATS., imposes a greater duty of care on individuals. However, because we conclude that Anthony properly stated a claim of negligence under common law, we affirm the trial court's denial of Tynan's motion for directed verdict.

### D. Public Policy / Superseding Cause

Tynan also moved for judgment notwithstanding the verdict arguing that even if she had a duty to extinguish the embers, she should not be held liable based on public policy. Once it is determined that a negligent act has been committed and that the act is a substantial factor in causing the harm, the question of duty is irrelevant and a finding of nonliability can be made only in terms of public policy. *A.E. Investment*, 62 Wis. 2d at 485, 214 N.W.2d at 767. A finding of nonliability in terms of public policy is a question of law which the court decides. *Morgan*, 87 Wis. 2d at 737, 275 N.W.2d at 667. The trial court concluded that the facts were not sufficient to relieve Tynan of negligence, as found by the jury, on public policy grounds and denied the motion. We review this question of law de novo. *See American Family Mut. Ins.*, 169 Wis. 2d at 608, 486 N.W.2d at 538.

Courts may step in and hold as a matter of law that there is no liability "in cases so extreme that it would shock the conscience of society to impose liability." *Pfeifer v. Standard Gateway Theater, Inc.*, 262 Wis. 229, 238, 55 N.W.2d 29, 34 (1952). We consider the following

196

factors when determining whether imposing liability in a particular case is against public policy:

> (1)  The injury is too remote for the negligence; or (2) the injury is too wholly out of proportion to the culpability of the negligent tort-feasor; or (3) in retrospect it appears too highly extraordinary that the negligence should have brought about the harm; or (4) because allowance of recovery would place too unreasonable a burden on the negligent tort-feasor; or (5) because allowance of recovery would be too likely to open the way for fraudulent claims; or (6) allowance of recovery would enter a field that has no sensible or just stopping point.

*Rolph v. EBI Cos.*, 159 Wis. 2d 518, 534, 464 N.W.2d 667, 673 (1991) (quoted source omitted). We conclude that none of these factors warrants a finding of nonliability in this case.

In particular, Tynan argues that the injury to Anthony was wholly out of proportion with her culpability. We disagree. The record reveals that the jury considered the negligence of the three defendants who last had control over the communal fire pit and, in fact, placed the greatest amount of negligence on Keith (36%) and Christine (35%), Anthony's parents. By contrast, the jury appropriately considered the limited nature of Tynan's and Rockweit's responsibility when compared with the other defendants. We cannot say that the 7% and 6% negligence assessed to Tynan and Rockweit, respectively, was wholly out of proportion with their negligence.

Tynan also asserts that imposing liability under these circumstances constitutes an unreasonable burden. She argues that if she is liable in this case, "then a social guest in any recreational setting could be held liable for failing to remedy an allegedly unsafe condi-

tion, in almost any circumstance." Tynan analogizes that under our ruling, a guest at the campsite would be required to put matches away that were used by a third party to light a lantern used by everyone to provide light for a card game. Since the guest used the light of the lantern, Tynan theorizes that he or she would be liable for a subsequent accident involving the matches.

Tynan's argument and analogy fail because she neglects to consider the concept of foreseeability—the determining factor in any negligence case. It is difficult to see how a reasonable person would foresee that by participating in a card game he or she would subject anyone to an unreasonable risk of injury. By contrast, one can easily see how a reasonable person would foresee that leaving hot embers in a fire pit without barriers would subject someone to an unreasonable risk of injury. In her testimony Tynan acknowledged the potential risk of injury.

Tynan also contends that she should not be held liable for Anthony's injuries because "there is no unreasonable risk [of injury] created by having embers in a campfire pit since . . . that is precisely where they are supposed to be located." Tynan argues that the fire pit was a controlled hazard, as evidenced by Keith's testimony that he did not even consider extinguishing the embers before he went to bed. We disagree. While hot embers in a fire pit may be a controlled hazard, when not extinguished and *left unattended* they create an extreme risk of damage or injury. One need only consider the deadly forest fires started every year by one cigarette butt or a windblown ash from an unextinguished campfire as evidence. Further, the fact that Keith did not consider extinguishing the fire does not establish that the fire was controlled; rather, it establishes that Keith was also potentially negligent.

Last, Tynan argues that it is unfair to impose liability on her because the negligence of Anthony's parents was an intervening act constituting a superseding cause of Anthony's injury. "Superseding cause" is a means of relieving a first actor from liability where it would be wholly unreasonable for policy reasons to make that actor liable for damages where an intervening act of a third person is negligent in itself and substantially causes the plaintiff's injuries. *See Stewart v. Wulf*, 85 Wis. 2d 461, 476-77, 271 N.W.2d 79, 86-87 (1978). Tynan asserts that if anyone had a duty to extinguish the embers, it was Anthony's father because "[i]t was his campsite, it was his campfire pit, it was his child who was ultimately injured." Further, Tynan argues that Anthony's mother did absolutely nothing to keep him away from the fire pit the next morning, which constituted an intervening cause.

The fact that a parent owes a duty toward his or her child does not necessarily relieve third parties of a duty toward that child. *McNeese*, 174 Wis. 2d at 630-31, 497 N.W.2d at 127. Clearly, the jury took into account the parents' duty to Anthony and responsibility for the incident by finding them 71% negligent combined. Essentially, Tynan is attempting to use the intervening cause argument to reargue cause and comparative negligence. Those are questions strictly left to the jury to decide.

In sum, the cases in which courts have relieved a causally negligent tortfeasor of liability on public policy grounds are infrequent and involve unusual and extraordinary circumstances. *Stewart*, 85 Wis. 2d at 479, 271 N.W.2d at 88. We do not consider this to be one of those cases. Further, we do not consider the jury's

negligence verdict imposing liability on Tynan and Rockweit to "shock the conscience of society." *Pfeifer*, 262 Wis. at 238, 55 N.W.2d at 34.

### E.   Open and Obvious Danger Instruction

In the alternative, Tynan asserts that she is entitled to a new trial based upon the trial court improperly instructing the jury regarding the open and obvious danger defense. Tynan claims that the instruction was erroneous because it limited the application of the defense to that of a reasonable person in the position of Christine instead of a reasonable person in general. Because we have already concluded that the open and obvious danger defense cannot be applied as a bar to Anthony's negligence claim, we need not address this issue further.

## IV.   CONCLUSION

In sum, we conclude that Anthony's negligence claim is not barred by the open and obvious danger defense because Anthony cannot be negligent as a matter of law according to § 891.44, STATS. Therefore, we reverse that portion of the trial court's judgment dismissing Anthony's common law negligence claim and direct the trial court to enter a judgment in accordance with the jury's verdict. We affirm the judgment in all other respects. Also, we affirm the trial court's denial of Tynan's motion for a directed verdict requesting that Tynan be found not negligent as a matter of law, but on different grounds. Unlike the trial court, we conclude that Anthony has a valid common law negligence claim independent of § 895.525, STATS. In addition, we affirm the trial court's denial of Tynan's motion for judgment

200

notwithstanding the verdict and motion to change the special verdict answers.[9]

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.

---

[9] Because Anthony has prevailed in both the appeal and the cross-appeal, costs are allowed against the respondents. *See* RULE 809.25(1), STATS.